### CANTZLER ET ALS *vs.* GORDON.

When a collector of the revenue has exacted higher duties than permitted by law, his payment of them after a claim made on him for the excess, does not change his liability for that excess.

If a collector of the revenue insert in the blank bond for duties, signed and left with him, a larger sum than is due the United States according to the laws of Congress, he exceeds his powers as an agent of the United States, and renders himself personally responsible, even although he acted through error.

EASTERN DIS.
*March*, 1834.

CANTZLER
ET ALS.
*vs.*
GORDON.

The petition sets forth that on or about the 16th day of November, 1833, the plaintiffs imported into this district in the brig Vigilant, two hundred and seventy-five bundles of bolt iron, hammered or forged, weighing thirty-four thousand eight hundred and twenty-three pounds, which they duly entered at the custom house, securing the duties by a bond, of which the amount was as usual left blank. The defendant, collector of the port of New-Orleans, caused this blank to be filled with the sum of seven hundred eight dollars and sixty-two cents, as the amount of duties, and deposited the bond for collection in the bank of the United States. The petitioners were compelled to pay the full amount of the bond, although they had objected to its amount, and notified the defendant that they would claim from the excess thus charged. The plaintiffs also aver that there was error in the estimate of the duties, and that the whole amount thereof legally demandable, was three hundred forty-eight dollars and twenty-three cents, and that the difference, three hundred sixty dollars and thirty-nine cents, was erroneously charged and unduly paid. They accordingly prayed judgment against the defendant for this difference.

The defendant excepted that no such persons as were named in the petition, and by the name or names as therein set forth, did import any iron into the port of New-Orleans, in the manner and form stated; that in calculating said duties, he acted as collector of the district of Mississippi, and as an officer and agent of the government of the United States; and in that capacity, received and paid over said duties to the United States, and, that therefore, he is not responsible, as alleged in the petition.

Should the exceptions be overruled, he answered that the said duties were correctly calculated according to the acts of Congress. He also pleaded the general denial.

The judge *a quo* sustained the exceptions, and dismissed the petition.

The plaintiffs appealed.

EASTERN DIS.
March, 1834.

CANTZLER
ET ALS.
vs.
GORDON.

*Strawbridge*, for plaintiffs and appellants, made the following points:

1. To the first and third exceptions, it is sufficient to say they are mere denials of matters of fact, charged in the petition, going to the merits. Unless the plaintiffs show that they did import, and unless they show the duties to have been overcharged, their suit fails; beyond this, it might be said that these exceptions, if they can be considered such, depend on proof. If the judge decided on them, he decided without that proof. To the second exception, I answer by referring to two cases recently decided in New York, where, to a similar claim, the same exception was pleaded, and overruled. Without looking to authorities, it seems to me the learned judges who decided those causes, might have found better reasons for their decisions, in the first principles of the law of agency. There are three elementary propositions, too plain to need illustration. 1. Where an agent, in doing a lawful act, keeps within the limits of his power, the principal is bound, the agent is not responsible. 2. Where the agent surpasses his authority, he is personally responsible, but his principal is not. 3. Where the act is illegal, though within the power given, both are bound.

2. The authority of the collector is to exact duties on merchandise imported, in conformity with the revenue laws. He has no more right, by virtue of his office, to exact one dollar more than the law authorises, than he has to do it with a pistol in his hand; he exceeds his authority. The act is illegal. For the purpose of this argument, the allegation of the petition is to be taken as true, that a greater amount was taxed than the law authorised, and it will be incumbent on the counsel to show, that the collector's authority extends to taking higher duties than the revenue laws have fixed, and that such act is legal, or they must admit his personal responsibility for the act. If this defence be good, there is no redress for such matters. I cannot sue the government; the collector's agency shields him; my bond signed in blank, is filled up as they please at the custom house; if not paid in Bank, all future credits are denied me; if paid, I

cannot recover it back. Moreover, there remains the allega-
tion that the defendant was notified that this excess would be
reclaimed.

*Carleton* and *Lockett,* for the defendant and appellee,
contended that:

1. The court below did not err in dismissing the plaintiff's petition, because the defendant acted as the *agent* of the United States, in receiving the duties alleged to have been paid by the petitioners. We shall notice no other point in the cause except this, as it was on that the suit was dismissed. In order to show, conclusively, that the defendant is *not* personally liable, we refer the court to the form of the bond. This bond commences, "Know all men by these presents, that we, Gordon, Forstall & Co., are held and firmly bound to the *United States of America,*" and then goes on to say the condition is to pay "*to the collector of the customs for the time being.*" Now, in *whose* favor is this obligation contracted? surely *not* in favor of the defendant. If suit had been brought, in *whose* name would it have been instituted? Why, in the *name of the United States of America,* not *Martin Gordon.* If the bond had *not been paid,* who would have lost the amount? The United States, *not* Martin Gordon. *See form of bond, and Ingersoll's Abridgment, p.* 220.

2. The plaintiff relies upon two decisions, which he says were made in New York, and are reported in the newspapers. We think little weight ought to be attached to reports of editors of newspapers, of cases they may hear decided, and the more especially, as the point now before this court is new, and of immense importance, which may involve the collector of this port in responsibilities to the amount of millions of dollars.

3. The cases in those papers differ essentially from this, because there the plaintiffs *objected* to giving the bond at *the time* they signed it, and notified the collector that they intended to reclaim it, and the collector paid the duties to the

# 262 CASES IN THE SUPREME COURT

EASTERN DIS.
*March*, 1834.

CANTZLER
ET ALS.
*vs.*
GORDON.

government *after* institution of suit, and *after* this notification. Here, notification is *alleged*, but *was not proved*. Had Martin Gordon paid over these duties *after* the commencement of this suit, and *after* due notification on the part of the plaintiffs, he would come within the decisions in the newspapers. Here the plaintiffs allege that the bond was left blank as to the amount, and that they "objected to the amount," but, when did they object? If the plaintiffs wish to have the benefit of these newspaper cases, it is very material to say when. Besides, they say their vessel entered on the 16th of November, 1832, and they wait till the 28th of October, 1833, before they do any thing! Why was not suit brought instantly on discovering the mistake, if any, and not wait nearly a year, when, in the mean time, the collector had paid, and was bound by his duty to pay, into the United States treasury the duties? See *Ingersoll's Abridgement, p.* Therefore, this case does not come within the newspaper decisions in one material point, as to the facts which rendered the collectors liable. But it is believed that the newspaper cases are not and ought not to be considered as being correct. An agent, where he *discloses* the name of his principal, and the *nature and extent* of his powers, *never* can be made responsible personally for any act or contract done as such. 2 *vol. Kent. Com. p.* 629, 630, 631, and 632. (*Ed.* 1832.) 4 *La. Rep. p.* 234 to 236. *Hyde* vs. *Wolf. La. Rep. vol.* 5, *p.* 333. *Boimare*, vs. *Toby.* 3 *Martin's Rep.*, *O. S., p.* 642, and 644. *La. Code*, arts. 2981 and 2982. But Martin Gordon can hardly be considered even as agent, because the bond was to pay directly to the United States, and *he merely to receive* the money. Now can a man be made responsible, *personally*, for *merely receiving* the amount of an obligation, in favor of another. The fact of the defendant being collector, and consequently *agent* of the government, is alleged in the petition.

4. As to the second, of what the plaintiffs call elementary principles, or propositions, we differ. If an agent *acts as agent, and shows his powers*, in dealing with another person, he *will not* be responsible personally, for the simple reason,

that the party with whom the agent contracts, upon seeing the powers, ought to know, and be as good a judge as the agent, of the extent of those powers. *See books before cited.*

EASTERN DIS.
*March,* 1834.

CANTZLER
ET ALS.
*vs.*
GORDON.

5. As to the third, we do not exactly comprehend how one can *legally* authorise an agent to do an *illegal act.* It would then be an offence, if the agent commits an illegal act; this is not the case before the court. *See case in one of Contracts made in favor of the United States.*

MARTIN, J., delivered the opinion of the court.

The plaintiff's state they imported a quantity of iron, and for the purpose of obtaining a permit for landing the same, subscribed a blank, according to the usage of the custom house, and the defendant, who is collector of the revenue, filled the blank left for the insertion of the amount of the duties, for a larger sum than that which was by law chargeable therefor, and the bond being lodged for collection in the branch bank of the United States; the defendants, in order to avoid the inconvenience of losing for a while the facility of bonding future duties, took up their bonds, after having objected to the amount claimed, and after having notified the defendant of their intention of claiming the excess of duty from him personally.

The defendant filed the following exceptions to the petition.

I. That no person or persons bearing the name or names the plaintiffs respectively sue upon, made an importation of iron, as alleged.

II. That the defendant acted as collector of the revenue, and an officer of the United States, and therefore, is not responsible personally, for money received for and paid to them.

These exceptions were sustained, and the petition dismissed, whereupon the plaintiff appealed.

Their counsel in this court, has contended that the first exception was merely a plea on the merits, as if the plaintiffs

EASTERN DIS.
*March,* 1834.

CANTZLER
ET ALS.
*vs.*
GORDON.

When a collector of the revenues has exacted higher duties than permitted by law, his payment of them after a claim made on him for the excess, does not change his liability for that excess.

did make the alleged importation, they cannot support their cause.

The counsel has further relied, as to the other exception on the decision of the Supreme Court of the state of New York, in the cases of *Lefon* vs. *Swartout,* and *Grinnel et al.* vs. *The Same,* which he has read from two newspapers.

On the part of the defendant, it has been contended that little weight ought to be given to newspaper reports, and he has endeavored to distinguish the present case from those in New York. In these the defendants objected to the sum claimed, before they signed the bonds, and the collector parted with the money, after they had been notified of the intention to claim the excess, and after the institution of the suit, while in the present case, the notification is indeed alleged, but not proved, that the suit was not instituted till a very long time after the payment of the money by the collector, to the proper department. It has been further urged, that the agent who discloses the the name of his principals does not bind himself personally by that contract. 2 *Kent's Com.* 629, 632. *La. Code* 981, 2. Lastly, it has been held, that one who receives a sum, due to a third party, and pays it over, incurs no personal responsibility.

It has appeared to us, the present case cannot be materially distinguished from those in New York. It is true, in the present, no objection was made before the signature of the bond; because no objection had then occurred; the objection could not be made till the plaintiffs had knowledge of the illegal charge, and the objection was made before the plaintiffs took up their bond, and the notification of their intention to claim the excess from the defendant, personally, was made, or at least is alleged to have been then made. It is true, in the New York cases, the collector paid the money over before the institution of the suit, while the defendant did so, long before the commencement of the present suit. The party claiming the money, before its being paid over, may avail himself of the institution of the suit, because it is evidence of the knowledge he has given of his claim; so he may of any other mode use to afford that knowledge.

In the present case, the payment made by the defendant, cannot dissolve his obligation to the plaintiffs, if by his previous conduct he has incurred any.

EASTERN DIS.
*March*, 1834.

CANTZLER
ET ALS.
*vs.*
GORDON.

It is, however, contended he did not incur any, by the overcharge, because he disclosed the name of his principal, as was known to the plaintiffs as a mere agent. He was indeed the agent of the United States, in procuring, according to the usage of the custom house, the signature of a blank bond, and in doing so, he acted within his powers; this authority was to fill the blank left for the amount of duties to be paid by the insertion of a sum equal to the claim of the United States, according to the law of Congress; if he inserted a larger sum, he exceeded that authority, and nothing is clearer, than that the agent who exceeds his powers, renders himself personally responsible.

If a collector of the revenue insert in the blank bond for duties, signed and left with him, a larger sum than is due the United States, according to the laws of Congress, he exceeds his powers as agent of the United States, and renders himself personally responsible, even although he acted through error.

In passing upon exceptions, pending on the dismissal of an action, without a trial, the truth of the allegations of the petition, must be assumed, because none of them are denied. If, therefore, the plaintiffs were compelled by the illegal act of the defendant, to pay higher duties on their importation, than were imposed by law, he did him an injury to the amount of the excess, even although he did so through error. Admitting that if before he discovered his error, his payment of the whole amount of the sum they paid, could have protected him if he did so, after his attention was drawn to his mistake, and after he had received notice of the plaintiffs' intention to claim from him personally the excess, he cannot avail himself of his payment.

The judge *a quo*, in our opinion, erred in sustaining the exceptions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the exceptions overruled, and the case remanded for further proceedings, according to law, the defendants paying costs in this court.