HOLMES
*vs*
HOLMES.

HOLMES *vs.* HOLMES.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

An action for the breach of a contract of passage made by the wife with the captain of a ship, will be considered as personal under the article 107 of the Code of Practice, in which the husband has the right to prosecute and recover damages in his own name.

This is an action for damages. The plaintiff alleges his wife Eliza Holmes contracted with G. W. Holmes, commander of the ship Princess, on the 15th November, 1832, for her passage from Liverpool to New-Orleans, on certain terms and conditions. The husband who sues, alleges further, that the defendant violated the terms of his contract with his wife, for which he claims one thousand dollars in damages. This case was before the Supreme Court in 1834. See 6 *Louisiana Reports,* 463.

On the return of the case to the Parish Court, it was again submitted to a jury on additional testimony as stated in the opinion of the court thereon. The jury returned a verdict of five hundred dollars in favor of the plaintiff, from which the defendant appealed.

*Preston* for the plaintiff, denied that there was any error in the verdict or judgment appealed from. It related principally to questions of fact, which were fully made out by the evidence.

2. The exception to the mode of issuing the commission, and taking the evidence under article 430 of the Code of Practice, applies only to witnesses who are about to depart, and not to this case. This was a non-resident witness about to leave the state, for which the Code of Practice does not require an affidavit.

3. The affidavit is only required for the judge, and not the party. Notice is all he can require. If the witness resides out of the state, it is presumed, or *prime facie*, that he will leave before trial.

4. Besides, in this case, the evidence was taken a second time on affidavit, motion and commission. It was taken both ways and in the legal form.

5. It was read from the commission executed by parole, and could have no other effect on the jury than if read from the commission.

6. The testimony of Holbrook which was not objected to, and regularly taken; and, indeed, all the witnesses fully sustain the verdict. The appeal is evidently frivolous and should be dismissed with ten per centum damages.

*T. Slidell* for the defendant.

1. This action should not have been sustained. The husband alone cannot bring it, and the exception to his right to sue was improperly overruled. *Code of Practice, article* 107.

2. The testimony of Hall and Holbrook, taken under commission was improperly admitted to be read. It was illegally taken. 1st. Because no affidavit was filed previous to the issuing of the commission. *Code of Practice, article* 430. 2d. That there was no order of court for the issuing of the commission. 3d. That the notice was for an unseasonable time, being for half past eight in the morning, and before ordinary business hours. 4th. That the judge does not state in his certificate that the witnesses were examined at the hour fixed, at which time only the party, even if properly notified, was bound to attend. 5th. If the article of Code of Practice cited, does not refer to such a case as the present, then the court had no authority at all to issue commission. The verdict is contrary to evidence.

3. The conduct of the captain was justified by plaintiff's conduct, which was improper and subversive of the discipline of the ship.

HOLMES
*vs.*
HOLMES.

*Bullard J.,* delivered the opinion of the court.

This case was before us at the May term, 1834. (See 6 Louisiana Reports, 463.) It was then remanded for a new trial. On a subsequent trial the jury found a verdict for five hundred dollars, in favor of the plaintiff, and the defendant has appealed.

His counsel relies, for a reversal of the judgment, on a bill of exceptions in the record, on an exception to the right of the husband to institute this action in his own name, which was overruled by the court, and on the ground that the verdict is contrary to law and evidence.

The bill of exceptions was taken to the admission, by the court, of the depositions of Holbrook and Hall, which were objected to, on the ground that the commission issued irregularly; that reasonable notice was not given of the time and place of taking the depositions, and finally, that it does not appear that the depositions were taken at the time and place specified in the notice.

We do not think it necessary for a just decision of this case to examine the questions raised by this bill of exceptions, because it appears by the statement of facts, that the testimony of one of the witnesses, Holbrook, taken on commission before a different commissioner, was read in evidence without objection, and the deposition is in the record. It was, therefore, quite immaterial whether the other commission was correctly executed or not, as relates to the testimony of Holbrook; and as the witness Hall testifies to the same facts, and no attempt has been made to impeach the credibility of Holbrook, we cannot suppose that the rejection of Hall's deposition would have varied the result of the trial.

In support of the exception to the competency of the plaintiff to maintain the action in his own name the defendant relies on article 107 of the Code of Practice.

That article declares that husbands have under their control the personal and possessory actions to which their wives are entitled; therefore they can proceed judicially and in their own name, for whatever relates to the preservation of

An action for the breach of a contract of passage, made by the wife with the captain of a ship, will be considered as personal, under the article 107 of the Code of Practice, in which the husband has the right to prosecute and recover damages in his own name.

the dotal property, as well as to the recovering of the debts due them, these being under their administration; but the real actions of the wife must be brought by her. This article establishes a clear distinction between the personal and real actions of the wife. This must be considered either as the personal action of the wife, or as resulting from the violation of a contract made during the existence of the marriage, with the consent of the husband, and consequently regarding the community, and in either case the husband has, in our opinion, a right to prosecute it in his own name, and the exception was properly overruled.

On the merits, the matter was submitted to a jury, and in our opinion the evidence in the record fully justifies the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.