# IN THE MATTER OF O'FLAHERTY—On the Opposition of JONES AND UFFORD.

A creditor, holding a joint note, may have it placed on the tableau of distribution of one of the debtors, without citing the other joint debtor.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Wolfe* and *Singleton*, for opponent. *A. A. Melleart*, for curator. By the court:

DUNBAR, J. The opponents, *Jones* and *Ufford*, claim to be placed on the tableau of the curator of the absentee, *James O'Flaherty*, for the sum of $1455 96, with interest, which they allege is due to them on bills, drafts and open account.

The district judge ordered them to be placed on the tableau for $727 26, with interest from judicial demand, and they have appealed.

The judge arrived at this amount by rejecting a joint note for $448 with interest at ten per cent per annum until paid, drawn by *O'Flaherty* and *Hudson*, dated Galveston, 5th May, 1850, payable twelve months after date, to the order of *Jones* and *Ufford*, and also rejecting a draft of *O'Flaherty* for $253 77, drawn by him in favor of *Henry Hubbell* on *Jones* and *Ufford*, and paid by them for the accommodation of the drawer. The reasons given by him for the rejection of the joint note are, that *Wm. M. Hudson*, the other joint obligor, should have been joined in the suit, under the provisions of the Civil Code, Art. 2080, which declares that: "In every suit on a joint contract, all the obligors must be made defendants, and no judgment can be obtained against any, unless it be proved, that all joined in the obligation, or are, by law, presumed to have done so," and further, that a note, or due bill of *O'Flaherty*, for $776 99, had been given to plaintiff at a posterior date to this joint note, for balance of account to its date.

We cannot see, for what useful purpose, *Wm. M. Hudson*, the joint obligor, could have been brought into court, upon the trial of the tableau of the curator of *O'Flaherty*. It appears from the evidence, that he lives out of the jurisdiction of the court, in the State of Texas, nor it is pretended that he has made any payment on said note. In fact, in his own deposition taken in the cause, he admits the justice of the claim. In the case of *Brown* v. *Robinson* and *Hassam*, 6 Ann 423, it was said: "That the art. 2080 of the Civil Code, if literally construed, would sanction such palpable injustice, as to render it absurd. If the plaintiff is content with judgment against those cited for their share of the debt, and there is no ground to believe that those not cited could make defence to the action, not within the power of those before the court, we see no reason why the defendants cited, should not be rendered liable for their shares of the debt, and discharged from all claim for the shares of others."

The other ground for rejecting this joint note is equally untenable. We cannot see why it should be inferred, that this joint note had been paid by *O'Flaherty*, from the mere circumstance of a settlement of his individual account, by the giving of his individual note. on the 1st November, 1850, to *Jones* and *Ufford* for balance of account to date. The joint note of *O'Flaherty* and *Hudson*, was not then due, and did not mature until the 5th of May, 1851. We think there is no good reason for such an inference.

The district judge also rejected a draft of *O'Flaherty* for $253 77, as before mentioned. The objection urged to the liability of *O'Flaherty* on this draft, was, that his name as drawer had been erased. It is satisfactorily shown, that the draft was drawn by him for goods furnished his vessel; that *Jones* and *Ufford* accepted for his accommodation, without funds, and paid it to the holder; that, at that time, there was no erasure of the drawer's name, and is proved, by several witnesses, that at Galveston, where *Jones* and *Ufford* resided as merchants, it is the usual practice, after a draft is taken up by the acceptors, to erase all the names thereon.

The judgment of the district court must therefore be reversed, and the several rejected items, above commented on, allowed. Ten per cent interest is stipulated in the joint note, and will be allowed, as it is shown by evidence, that it is not unlawful in the State of Texas, where the contract was made.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, and that there be judgment in favor of *Jones* and *Ufford* against the curator of *O'Flaherty*, for twelve hundred and five dollars, with five per cent per annum interest on $727 26, from judicial demand, with like interest on $253 77, from the 20th January, 1851, and with ten per cent per annum interest on $224, from the 5th May, 1850, to be paid in due course of administration, by the said curator, with costs in both courts.