## Martin Tulley *v.* M. D. C. Alexander, Executrix.

The rule that the husband cannot be a witness for or against his wife, nor the wife for or against her husband, C. C., 2260, being founded on considerations of policy and morality, is believed to be without exception, and the fact that the spouses live apart does not change this rule of law.

APPEAL from the District Court of the parish of Caddo, *Drew,* J.

    *Hodge & Austin,* for plaintiff and appellant. The record does not show who appeared for the defendant.

Spofford. J. The only question in this case arises upon a bill of exceptions taken to the ruling of the District Judge, relative to the competency of a witness.

The husband of *M. D. C. Alexander,* the defendant, was offered by the plaintiff as a witness, and rejected by the court upon the objection of the wife.

The rule in civil matters is, that the husband cannot be a witness for or against his wife, nor the wife for or against her husband, C. C., 2260. And the rule being founded upon considerations of policy and morality, is believed to be without exception. Here the wife was not a mere nominal party ; as the principal legatee of the testator, she had a direct pecuniary interest in defeating the demand against his succession. *Beard* v. *Morancy,* 2 An., 347.

The fact that her husband and herself lived apart could not change the rule of law. The reason which induced the lawgiver to enact it still subsisted in all its force.

Judgment affirmed.