No. 1757.—FRANCIS WILLIS *v.* FREDERIKA KERN, Widow of JOHN RUB.

In a suit to enforce a written notarial contract of sale, the certificate of marriage is admissible to show that the vendor is a married woman, and where the notarial act is alleged to have been procured by fraudulent and deceptive practices, its declarations may be contradicted by parol testimony. 2 An. 92, 458, 908; 4 R. 508.
The husband cannot be a witness for or against his wife in a litigation to which she is a party. Acts of 1867, p. 269.
The dying declarations of a party who acted as interpreter for the vendor at the passage of a notarial act of sale, are not admissible in evidence on the trial of a suit to enforce the contract.

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont*, J. *B. Egan* and *L. Madison Day*, for plaintiff and appellant. *Dalsheimer & Buck*, for defendant and appellee.

LUDELING, C. J.   This is a petitory action to recover a lot of ground with improvements and rents.   The defendant admits that she is in possession of the property, but avers that she is the owner thereof. She avers, further, that her signature to the act was obtained through fraud and deceit; that she believed she was making a testament at the time the act under which the plaintiff now claims was signed; that there was no price or consideration given for the property; and that at the time she signed the act she was a married woman, and was unauthorized to contract without the authorization of her husband, or, in his absence, of the judge.

The plaintiff took five bills of exceptions during the course of the trial.

The first is to the admission of a certificate of marriage, to show that the defendant was a married woman.   The evidence was properly received.   The second and third bills taken were to the exception of the testimony of Charles Klar, on the ground that a husband cannot testify in favor of or against his wife.   The evidence should have been excluded.   Act of 1867, p. 269; art. 2260 C. C.

The fourth bill of exceptions was to permitting the defendant to prove that she was a married woman, because she would thereby contradict her declarations in a notarial act.

The defense set up in this case is that this notarial act was procured through fraud and deception; that she intended to make a testament; whereas, this act was imposed on her instead by the machinations of the plaintiff and the person who acted as interpreter between defendant and the notary.

Under these circumstances, it was proper to permit the defendant to prove that the declarations in the act were untrue.   She could have made a will without the authorization of her husband, but not a sale. 4 La. 352; 6 La. 258; 19 La. 431; 2 An. 92, 458, 908; 4 R. 508; Greenl. Evidence § 284.

The fifth bill of exceptions is to the admissibility of the testimony of Alexandre Dreste as to the dying declarations of Mrs. Leidinger, who acted as interpreter for the defendant at the notary's, when the act in question was passed, on the ground that it is hearsay evidence.

The objection should have been sustained.   Greenleaf Ev. § 156.

The evidence in the record proves that, at the date of the act of sale under which the plaintiff claims, the defendant was a married woman; that she was unauthorized by her husband or the judge to make the sale; that she intended to make, and believed she had made a will, when she signed the act of sale, and that her signature to the act was procured by fraud and deceit.

It is therefore ordered and adjudged, that the judgment of the district judge be affirmed, with the costs of appeal.

Rehearing refused.