[No. 18166.   In Bank.—May 15, 1894.]

W. P. LYNCH, APPELLANT, v. BUTTE COUNTY,
RESPONDENT.

STATUTORY REMEDY, WHEN EXCLUSIVE.—A sufficient statutory remedy for
the failure to perform a statutory duty is exclusive.
COUNTY GOVERNMENT ACT—COMPENSATION OF DEPUTY ASSESSORS—RE-
PEAL OF POLITICAL CODE.—Sections 3704, 3894, and 3895 of the Politi-
cal Code, regulating the appointment and compensation of deputy as-
sessors, were superseded as to Butte county by special or local acts
passed in 1874, and 1876, and were repealed altogether by the passage
of the County Government Act in 1883, by which the salaries of all
county officers, including assessors, their deputies, and their assistants,
were fully regulated.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion of the court.

*H. V. Reardan*, for Appellant.

*Lewis Freer*, and *F. C. Lusk*, for Respondent.

BEATTY, C. J.—In this case the defendant demurred to
the complaint for want of facts; the demurrer was sus-
tained, and, plaintiff declining to amend, final judg-
ment was entered in favor of the defendant, from which
the plaintiff appeals.   The only question to be de-
cided is, whether the complaint states a cause of ac-
tion.   Its material allegations are that, in the year 1892,
the plaintiff was assessor of Butte county; that it was
his duty, as assessor, to make and complete the assess-
ment-roll of said county, between the first Monday
of March and the first Monday of July; that for such
purpose the assistance of deputies was necessary; that
the board of supervisors failed to authorize their ap-
pointment; that plaintiff appointed four deputies, whose
services were reasonably worth five dollars *per diem*,
which amounted, for the time they were necessarily
employed, to two thousand four hundred dollars, which

sum he paid them; that he afterwards presented to the board of supervisors a demand properly itemized and verified for said sum, which was rejected.

Upon these facts the appellant contends that he was entitled to judgment against the county for two thousand four hundred dollars, and he bases his claim upon the provisions of sections 3894 and 3895 of the Political Code, which read as follows:

" Sec. 3894. The board of supervisors of each county in this state must allow the assessor thereof such a number of deputies, to be appointed by him in addition to the number now fixed, or, where no deputies are now allowed, so many deputies as will, in the judgment of the board, enable the assessor to complete the assessment within the time prescribed by law."

" Sec. 3895. The board must fix the compensation of the deputies so allowed; and such compensation must be paid out of the general fund in the county treasury. The compensation must not exceed five dollars per day, for each deputy, for the time actually engaged; nor must any allowance be made but for work done between the first Monday in March and the first Monday in July of each year."

If these sections were still in force they do not apply to the case made by the complaint. Upon any reasonable construction of their terms, they require an application to the board, to fix the number of deputies to be appointed, and the rate of their compensation, which thereupon becomes a claim in their favor, payable out of the general fund of the county. If, upon such application, the supervisors fail or refuse to make the proper order, a specific remedy is provided in section 3704 of the same code, as follows:

" Sec. 3704. If the board of supervisors of any county fails or refuses to either: 1. To allow the assessor to appoint a sufficient number of deputies to make the assessment; or 2. To furnish the proper books or blanks for his use; or, 3. To furnish the assessor necessary office rooms, then the state board of equalization may, upon

application of the assessor, make the allowance, or furnish the proper books, blanks, or office room; and all the expense incurred in carrying into effect the provisions of this section must, by the secretary of the board, be certified to the controller, who must, in his next settlement with the county treasurer of any such county, require such treasurer to pay the amount out of any funds belonging to such county."

This statutory remedy for the failure to perform a statutory duty was, we think, intended to be exclusive, as it is clearly sufficient. The plaintiff, however, seems to have entirely disregarded it, as well as the reasonable construction of the sections upon which he bases his claim.

But these sections of the Political Code were not in force in 1892. They were a part of the code as originally adopted, and were superseded as to Butte county by special, or local, acts passed in 1874 and 1876 (Stats. 1873–74, p. 734; Stats. 1875–76, p. 753.) By the passage of the County Government Act of 1883 they were repealed altogether. By that act the salaries of all county officers, including assessors, their deputies, and their assistants, were fully regulated, and by section 164 thereof it was provided, in effect, if not in express terms, that they should have no other compensation. (Stats. 1883, p. 361.) These provisions being inconsistent with the provisions of the Political Code relied on by the appellant necessarily repealed them.

That this was the actual intent of the legislature, especially with reference to Butte county, is amply demonstrated by the liberal provision made for the compensation of the assessor in counties of the ninth class, which included Butte county, and no other.

And that the legislature itself has always construed the County Government Act as repealing sections 3894 and 3895 of the Political Code is clearly evinced by the fact that in every revision of that act special provisions for the appointment of deputies applicable to certain classes of counties have been inserted—a proceeding

altogether unnecessary if those sections of the Political Code remained in force.

The judgment of the superior court is affirmed.

McFARLAND, J., FITZGERALD, J., and DE HAVEN, J., concurred.

GAROUTTE, J., and HARRISON, J., concurred in the judgment.