Statement of the Case.
MONROE, J.
Michael Martin and Margaret McMullen Martin, appearing as husband and wife, bring this suit to recover damages for the alleged slander and abuse of the latter by the defendant, and alleges that:
“On October 1, 1904 * * * said John Derenbecker, without any just cause or provocation, did, in this city, and in the presence and hearing of a large number of other persons, defame, slander and abuse the said Mrs. Margaret McMullen Martin, by declaring and stating (here follow the alleged declarations and statements, of which it is sufficient to say that they consist of the vilest epithets and charges that can be applied to a woman); all of which * * * were entirely false, slanderous, malicious and defamatory,” and “caused your petitioner actual loss and damages in the sum of $5,000.”
To this the defendant filed exceptions of misjoinder of plaintiffs, which was overruled, and of vagueness, which was sustained, with leave to amend, of which leave the plaintiffs availed themselves by filing a supplemental petition, stating in detail the time, place, and circumstances of the alleged slander and abuse. Defendant then answered, alleging that, upon the occasion mentioned, Mrs. Martin entered his grocery and bar and abused him shamefully, and denying that he used towards her the language charged in the petition. Among the allegations of the answer is the following:
“That defendant can ascribe no other cause for said Mrs. Martin’s action thgm that he had notified her, shortly before said occurrence, on the same night, that, as she and her husband were indebted to him for several months rent, * * * he was going to give them notice to remove.”
The evidence shows that, on the evening of October 1, 1904, Mrs. Martin, who, with her husband, occupied a tenement owned by the defendant, some four doors distant from the latter’s grocery and barroom, accompanied by her married daughter, Mrs. *498 Schmalz, went to the grocery for the purpose of paying certain money, due for rent and merchandise. Mrs. Schmalz testifies that, when her mother announced the purpose of ■ her visit, the defendant told her that she could keep her money, and immediately applied to her the' epithets and abuse charged in the petition; that her mother left the grocery without replying; that the defendant followed her into the street, and repeated and added to what he had said in the grocery; and that he continued to repeat the same, without much variation, until late that night, from the rear of his premises, which abut upon the side of the house occupied by the Martins. No other witness for the plaintiff testifies as to what occurred in the grocery, but, in other respects, the testimony of Mrs. Schmalz is corroborated by that of her sister, of her father, of Miss Casey, who was visiting at their house, and of Edward Glavin, whose father keeps an establishment similar to that of the defendant upon the opposite corner; these witnesses, respectively, testifying to what came within their observation. The defendant and his daughter testify that Mrs. Martin was the aggressor in the store; that she applied to the defendant remarks reflecting upon his sanity, as also upon his maternity, and attempted to strike him with a beer can; and they deny that the defendant defamed and abused her, as charged. The judge a quo found that the trouble was begun by Mrs. Martin, but that her conduct did not excuse that of the defendant, and particularly his following and vilifying her in the street; and he gave judgment in her favor for $500, from Which the defendant prosecutes this appeal.
Opinion.
Upon the trial in the district court, the testimony of Martin was objected to, on the ground that he was incompetent to testify for or against his wife, and the objection was overruled, on the ground that the claim belongs to the community, of which he is the head and master. And the testimony of Mrs. Martin was excluded for the same reason. In the brief filed by them, counsel for defendant say:
“On objections to evidence, defendant’s counsel were virtually sustained in their exception of misjoinder 'of parties; the court holding that this was a suit by Michael Martin, as head and master of the community, Mrs. Martin being thereby eliminated as a plaintiff in the case. Judgment was rendered in favor of Michael Martin for the sum of $500, interest and costs.”
The learned counsel therefore make no objection in this court to the overruling of their exception of misjoinder, nor do they question the capacity of Michael Martin to testify or to stand in judgment.
Under the law as it stood prior to 1898, this action, whether the amount to be recovered would have inured to the separate benefit of the wife or have fallen into the community, should have been brought by the husband, though it would not have been destroyed by the joinder of the wife as plaintiff. Code Prac. art. 107; Civ. Code, art. 2404; Holmes v. Holmes, 9 La. 348; Barton v. Kavanaugh, 12 La. Ann. 332; Cooper v. Cappel, 29 La. Ann. 213; Holzab v. Railway Co., 38 La. Ann. 185, 58 Am. Rep. 177; Williams v. Pope Mfg. Co., 52 La. Ann. 1427, 27 South. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390. And the husband would have been a competent witness, whilst the testimony of the wife should have been excluded. Act No. 190, p. 435, of 1898, however, provides, inter alia:
“That, in all civil suits for damages, instituted by the husband for or on account of personal injuries sustained or suffered by his wife, the wife shall be a competent witness.”
So that, in suits of the character mentioned in the statute, both husband and wife are competent to testify. Dunning v. West, 51 La. Ann. 623, 25 South. 306. The Act No. 68, p. 95, of 1902, amending and re-enacting article 2402 of the Civil Code, provides that damages resulting from personal injuries to the wife shall not form part of the community, but *500 shall always be and remain the separate property of the wife, recoverable by herself alone; provided, Where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws. It follows from this (1) that suits of the character mentioned should now be brought by the wife (duly authorized), and (2) that, for the purposes of such suits, the husband is not a competent witness. It might, perhaps, be argued that the application of the words “personal injuries,” as used in the statute, should be confined to cases of physical injury to the person of the wife; but we take those words to be used in their commonly accepted sense, and, thus used, as meaning any injuries which are personal to the wife, and as including injuries to feelings, resulting from abuse, slander, or libel. It might also be argued that, inasmuch as this suit was not brought by the wife alone, but by the husband and wife, and was maintained in the district court, as the suit of the husband, acting as master of the community, it should now be dismissed. But the counsel for defendant filed an exception of misjoinder, which, interpreted by their brief, meant, that, in their opinion, the husband alone, had the capacity to bring the suit. The wife, upon the other hand, by joining in the suit as brought, and by offering herself as a witness, confirmed and ratified the proceeding.
Under these circumstances, the case falls under the ruling made in Harkness v. L. & N. R. R. Co., 110 La. 822, 34 South. 791, in which it was said:
“This court is of the opinion that, since the amendment of Civ. Code, art. 2402, by Act No. 68, p. 95, of 1902, suits to recover damages for personal injuries suffered by a married woman, living under the regime of the community, should be brought by her, with the usual authorization of her husband or the court, in her own name and for her own separate use and benefit. But where, as in the instant case, the suit is brought by the husband, in his name, under allegations as here, and shows the object is to recover damages for personal injuries inflicted on the wife, and no want of capacity in the husband to sue is seasonably raised, a judgment, on due showing made, may properly be rendered in such case for damages, and, when rendered, the same-will be the property of the wife and not the community, and, when paid, the proceeds thereof •will be the separate, paraphernal, funds of the wife. The wife, here, not only made no objection to the suit as it was brought, but appeared and 'testified at the trial, actively assisting in the prosecution of the case. The judgment rendered estops her from the prosecution of a second suit for damages in her own name on the same cause of action, and thus the defendant is relieved of apprehension on that account. Besides, that, it being herein hold that the judgment'recovered is her property, on payment of the same by the defendant company to her, her receipt taken, authorized by her' husband, will fully protect the company.”
Upon the theory upon which the instant case was tried, the testimony of the husband was properly admitted, and that of the wife was improperly ruled out. If the ease had been tried as contemplated by Act No. 68, p. 95, of 1902, the testimony of the husband should have been excluded, and that of the wife admitted. We may say, however, that the testimony of the husband is not needed to sustain the judgment, and, whilst that of the wife might have added some strength to the case presented in her behalf, we hardly think it would have affected the result, and the defendant, at all events, has no reason to complain that it was not received. So far as-the facts are concerned, we concur with the-judge a quo who found for the plaintiff, and, with the reservation in favor of the wife, as made in the case cited, the judgment appealed from is affirmed.