(42 South. 148.)

No. 16,199.

BIANCHI et ux. v. DEL VALLE.

(Oct. 15, 1906.)

1. WITNESSES—COMPETENCY — HUSBAND AND WIFE.

Husband as a witness. The husband cannot be a witness for or against the wife in matters affecting her paraphernal rights.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 147, 148.]

2. HUSBAND AND WIFE—AGENCY OF HUSBAND FOR WIFE—EVIDENCE.

There was no agency. Agency was not proved.

3. LANDLORD AND TENANT—DUTY TO REPAIR.

Tenant's right to make repairs. The owner was not called upon to make repairs. The tenant took no steps toward compelling the owner to make the repairs, or to make them himself.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 641.]

4. SAME—INJURIES TO TENANT'S WIFE.

No ground for damages. Plaintiff's wife has no good ground of complaint for damages (Civ. Code, art. 2694), as the cited article has not been complied with.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Charles Bianchi and Isola Bianchi against Vincent Del Valle. Judgment for defendant, and plaintiffs appeal. Affirmed.

Benjamin Rice Forman and Rufus Jay Paddock, for appellants. Charles Ferdinand Claiborne, for appellee.

BREAUX, C. J. Plaintiff Isola Bianchi, joined by her husband, Charles Bianchi, alleged, in substance, that defendant, who is her husband's lessee of a house at 910 St. Ann street, New Orleans, was guilty of negligence which caused her injury. She alleged further that while she and her husband occupied the house, owing to a latent defect in the floor which the defendant had promised to repair, she fell. She also alleged that she knew nothing of the defect; that she suffered intense pain, and was confined to her bed for a number of weeks.

It seems, as she avers, that she met with two accidents. For the first she claims the sum of $1,500 damages; for the second, the sum of $900.

The defendant denied his liability, admitted the contract of lease, and averred that plaintiff gave him no notice of the necessity for repairs.

The question of the admissibility of evidence presents itself in the first place for decision.

The facts are with reference to this question that plaintiff called upon her husband, Charles Bianchi to testify. The defendant objected to the testimony of plaintiff's husband on the ground that the amount claimed, if due, was due to the wife, Isola Bianchi, and that the husband, Charles Bianchi, was without any interest in the claim whatever. This is the provision of the statute. It was interpreted recently in Martin v. Derenbecker (No. 15,853) 116 La. 495, 40 South. 849, and the court held (the facts being substantially similar to those in our case), "the testimony of the husband should be excluded."

His testimony was excluded. We think that the ruling was entirely proper; that the witness was not competent to testify. True, the husband or the wife can be heard to testify "where the husband or the wife may be joined as plaintiffs or defendants, *and have a separate interest*." (Italics ours.) Civ. Code, art. 2281, as enacted in 1870.

In the present case the husband has no separate interest. The husband only joined the wife to authorize and assist her in prosecuting her claim for damages. The amount, if recovered, will not fall into the community. Damages resulting from personal injuries to the wife do not form part of

the community. They remain her separate property.

The husband cannot be a witness for or against the wife. Grinnan v. Company, 7 La. Ann. 640.

The rule of exclusion is based on policy and morality. Tulley v. Alexander, 11 La. Ann. 628.

The same rule is laid down in Cull v. Herwig, 18 La. Ann. 319; also in Willis v. Kern, 21 La. Ann. 749.

The wife had an interest, the husband had none. The latter was not permitted to testify. Beltran v. Gautreaux, 38 La. Ann. 106. See, also, Johnson v. Boice et al., 40 La. Ann. 275, 4 South. 163, 8 Am. St. Rep. 528.

The wife is not permitted to appear as a witness to prove a claim of the husband. Succession of White, 51 La. Ann. 1702, 26 South. 428.

The husband is a competent witness only to the extent of his interest. Schoppel v. Daly, 112 La. 213, 36 South. 322.

Recently the decision first cited above was handed down. We quote from the syllabus:

"In those personal actions of the wife which are under the control of and brought by the husband, both husband and wife are competent witnesses; but in actions for damages, resulting from personal injuries to the wife, the testimony of the husband should be excluded." Martin v. Derenbecker (No. 15,853) 116 La. 495, 40 South. 849.

This decision is determinative of the issues of the pending case before us.

It is true, as urged by plaintiff, that in all cases where either spouse has acted as agent for the other the spouse thus acting as agent is a competent witness to all transactions arising from, involved in, or connected with, such interest. Act of 1888, No. 59, p. 61.

But a husband who becomes the tenant of a house, with a guaranty against the vices and defects, does not act as the agent of the wife, and he is not a competent witness if an accident happens to her while occupying the house with her. The accident is a separate incident from the lease. The injuries suffered by the wife cannot be substantiated by his testimony, for he was not expressly or by implication the agent of his wife in the contract whereby he became the tenant of the defendant. The husband became the lessor without further stipulation than that he was to be the lessor. His wife or any other member of his family were not mentioned in any way in matter of the lease; there was nothing said about them. There was no agency, and therefore the husband was not brought under the terms of the law which allows the husband when agent to testify regarding the acts of his agency. She (the wife) was not a party to the lease. Dubois v. Ferrand, 8 La. Ann. 373; 1 Greenleaf, § 185.

### On the Merits of the Cause.

Plaintiff's contention is that she suffered injury on two distinct occasions. On the first occasion, which was in February, her foot slipped through the floor in one of the rooms, and in July following she again fell through an opening in the flooring of another room.

The house was small; the rooms, also. The floor was not very solid at any time. This building was, none the less, accepted by the tenant. The rental was very little in amount.

There were roller bedsteads in the rooms In moving these bedsteads one or more of the rollers broke through the floor, and left exposed places. The defects were apparent, and the wife knew all about them. None the less, she placed her foot on the spot she should have avoided. Both acts which resulted in the accidents were acts of inadvertence.

The testimony is conflicting as to the nature and extent of the defect in the floor.

There was nothing permanent about the injury; there was an abrasion of the skin; nothing was broken or seriously affected; it was painful for a short time, but nothing serious came of it. In order to recover an amount for damages, it should be made to appear with reasonable certainty that the party has suffered serious damages; it should not be a slight, temporary hurt.

The testimony has not impressed us as presenting a case sufficiently grave to allow damages. Moreover, plaintiff's husband did not call upon the defendant to repair the floor. He remained silent when he should have spoken to the owner. He should have informed him that repairs were needed, and should have called upon him to make them. If the owner had refused or neglected to make them, then it would have devolved upon the lessor to make these repairs himself. Civ. Code, art. 2694.

The testimony is that the repairs could have been made for a dollar or two. Putting a short piece of plank in the floor amounts to little. At the time of the accident plaintiff's husband was indebted to the defendant in an amount quite sufficient to protect himself as a tenant had he chosen to make the repairs.

The right of the tenant to make repairs under circumstances of this case is clearly set forth in Scudder v. Paulding, 4 Rob. 430. That rule has been repeatedly followed since, as will be made quite evident by consulting the following decisions: Westermeier v. Street, 21 La. Ann. 714; Pesant v. Heartt, 22 La. Ann. 292; Diggs v. Maury, 23 La. Ann. 59; Lawrence v. Lelievre (Dec. 3, 1878) Manning's Unreported Cases, 11; Lewis v. Pepin, 33 La. Ann. 1422.

Recently we had occasion to reaffirm these decisions. Brodtman v. Finerty, 116 La. 1103, 41 South. 329.

In order to support the rule to the fullest extent, we insert here a list from other jurisdictions: Vason v. City of Augusta, 38 Ga. 547; Cook v. Soule, 56 N. Y. 422; Spellman v. Bannigan, 36 Hun (N. Y.) 174; Edwards v. New York & H. R. Co., 98 N. Y. 248, 50 Am. Rep. 659; 18 Am. & Eng. Enc. of Law, 235; Hamilton v. Feary (Ind. App.) 35 N. E. 48, 52 Am. St. Rep. 485.

California has adopted a provision similar to the article, 2694, of our Code. The courts of that state have interpreted it as has the court of this state. Welch v. Sullivan, 8 Cal. 203; Sieber v. Blanc, 76 Cal. 173, 18 Pac. 260; Willson v. Treadwell, 81 Cal. 58, 22 Pac. 304; Smith v. Buttner, 90 Cal. 95, 27 Pac. 29; Lynch v. Butte County, 102 Cal. 446, 36 Pac. 806; Gately v. Campbell, 124 Cal. 520, 57 Pac. 567.

The husband could have so acted as to have prevented the injury. His act of omission bars the wife from recovering. Insurance Co. v. Werlein, 42 La. Ann. 1046, 8 South. 435, 11 L. R. A. 361; Warren v. Stoddart, 105 U. S. 229, 26 L. Ed. 1117; Hamilton v. McPherson, 28 N. Y. 72, 84 Am. Dec. 330; 8 Am. & Eng. Enc. of Law, 28.

There was want of care and attention. It amounts to contributory negligence, which prevents recovery. Levy v. Navigation Co., 34 La. Ann. 180; Woods v. Jones, Id. 1086; Erslew v. Railroad Co., 49 La. Ann. 96, 21 South. 153; Tatje v. Frawley, 52 La. Ann. 884, 27 South. 339; Houston v. Railroad Co., 39 La. Ann. 796, 2 South. 562; Judice v. Southern Pac. Co., 47 La. Ann. 257, 16 South. 816; Railroad Co. v. Jones, 95 U. S. 442, 24 L. Ed. 506.

Moreover, the tenant and the tenant's wife should have avoided the danger, which was apparent. Robinson v. Simpson (Del. Super.) 32 Atl. 287; McCabe v. Kastens (City Ct. N. Y.) 30 N. Y. Supp. 832.

The guaranty to which the landlord can be held is treated with close attention by the French commentators. They hold generally that he guaranties against the vices which the tenant cannot or could not see,

but not against the vices the defendant did or could see.

We insert a list of these commentators for the sake of reference, not because we deem that in order to maintain the judgment of the district court in this case they are necessary. 4 Fuzier Hermann, p. 276, Nos. 5 & 7; Dalloz, Rep. Verbo Louage, No. 198; 3 Pothier, No. 113, pp. 282, 283; 1 Duvergier, Nos. 342, 329, 328; 1 Troplong, 198; 18 Baudry, § 440, p. 217; 1 Gouillard, No. 122; Marcade on article 1721, p. 465; 4 Aubry & Rau, p. 478, § 366; 6 Boileux, 46; Mourlan, 334, No. 744; 30 Dalloz, Rep. Leg. v. Louage, p. 320, No. 197.

Our learned Brother of the district court saw and heard the witnesses, and found for defendant. After a careful review of the evidence on appeal, we have arrived at the same conclusion. It only remains for us to affirm the judgment.

For reasons assigned, it is affirmed.