LIDDLE v. POST, Appellant

-----

(May 9, 1927.  Opinion and Decree.)

-----

(*Syllabus by the Court*)

1.  **Louisiana Digest—Automobiles—Par. 4, 4 (a).**

In case of collisions of automobiles it is the duty of courts to condemn in damages those who have violated the Traffic Ordinances and thus brought about the collision.

2.  **Louisiana Digest—Automobiles—Par. 8, 9.**

In order to recover an amount for damages. it should be made to appear with reasonable certainty that the plaintiff has suffered serious damages; it should not be slight, temporary hurt.

Appeal from First City Court, Division "B".  Hon. V. J. Stentz, Judge.

Action by Miss M. S. Liddle against V. H. Post.

There was judgment for plaintiff, and defendant appealed.

Judgment affirmed.

J. B. Rosser, of New Orleans, attorney for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a damage suit resulting from a collision of two automobiles.

The plaintiff alleged that at about 8:45 a. m. of June 8, 1926, he was driving out toward the lake on Napoleon Avenue on the downtown or lower side thereof, when the defendant without the sounding of horn or other warning darted across from the uptown side of Napoleon Avenue to the lower side, crashing into plaintiff's car; that she was thrown against the side of her car and suffered bruises of her right and left legs and left arm and her eye glasses were broken, and she sustained a nervous shock; that in addition, her car was damaged to the extent of $74.65 and was towed to the shop where it still remains unrepaired; that plaintiff is a Social Service worker and for the want of her car suffered a daily loss of $10.  She prays for $196.65 damages.

The defendant denied all plaintiff's allegations and, reconvening, alleged that the plaintiff negligently violated the City Ordinance and drove into his car hitting it in the center of the right side crushing the hood and the running board and causing damage of $110, and $70 for seven days' loss of use of car.  He prayed for $180 damages.

There was judgment in favor of plaintiff for $76.75 and defendant has appealed.

A photograph of defendant's car shows that it was damaged upon the right side near the front fender. The plaintiff's car was damaged on the left side by the radiator and left front and rear fenders.

The facts are that the plaintiff was driving her car out towards the lake on the downtown pavement of Napoleon Avenue, and that when she reached Howard Street, near the center thereof, her car collided with the one of defendant, when both were damaged.

The defendant testified that he was driving out Napoleon Avenue on the uptown or upper side thereof in the direction of the river; when he reached Howard Street he turned to his left in the direction of downtown and crossed the neutral ground of Napoleon Avenue; he "saw Mrs. Liddle's car coming about two-thirds of a block away and started to cross the street"; he did not stop on the neutral ground nor did he blow his horn; "the first thing he knew he was knocked across the wheel and he was knocked to the neutral ground". His car was also damaged.

Napoleon Avenue is a right-of-way street. Sec. 7 of the Traffic Ordinance. Howard Street is a right-of-way street only from Calliope to Napoleon Avenue. But admitting that both streets had the right-of-way, the plaintiff coming up upon defendant's right had the right-of-way over him. S. (c) of Sec. 7. In order to secure his right-of-way across the neutral ground of Napoleon Avenue the defendant should have complied with S. (d) of the ordinance. This provides "that the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop,

etc." This the defendant did not do, although he testifies that he saw plaintiff's car coming about two-thirds of a block away. Of course, we believe this to be an exaggeration, as plaintiff's car could hardly have run 200 feet while defendant was crossing the neutral ground, 20 or 30 feet wide.

It goes without saying that if defendant's car had stopped there would have been no collision.

This Court has repeatedly decided that in cases of collisions of automobiles it is the duty of courts to condemn in damages those who have violated the Traffic Ordinances and thus brought about the collision. Nos. 7891, 8191, 8232, 8245, 8249, 8250, 8297, 8820, 8905, 9205; 148 La. 310.

The defendant contends that the injury to his car on the right thereof shows that it was struck by plaintiff's car. But the damage to plaintiff's car was all upon the left side of the radiator, upon the left front and rear fenders.

This would equally prove that plaintiff's car did not run into the defendant's car. It was a side collision of both cars. But the determining factor is not so much what car struck the other, as what car was the cause of the collision; and this we have found against the defendant.

The plaintiff has asked for an increase of the judgment for physical injuries and for loss of use of her car.

The physical injuries were trifling bruises of her legs and arms. De minimis lex non curat. In Branchi vs. Del Valle, 117 La. 591, 42 South. 148, the court said:

"In order to recover an amount for damages, it should be made to appear with reasonable certainty that the party has suffered serious damages; it should not be slight, temporary hurt." Mader vs. Louis-

ville, N. O. & T. Ry. Co., 40 La. Ann. 64, 3 So. 462.

Nor does it appear that plaintiff hired another car on account of the damage to hers. The damages claimed are only an estimate of the repairs necessary; but "the car still remains unrepaired".