The plaintiff alleges that she is entitled to have restored to her the possession of twelve acres of land in Tangipahoa Parish, which property she describes in her petition and which she acquired from S.A. Hayden per act recorded in the conveyance records of said parish. She alleges that on February 20, 1939, the defendant went upon said property and took possession of same by force and violence, tore down and removed her house situated thereon, struck and beat her husband and ran him from said premises when he attempted to prevent the defendant from taking possession of said property and removing the house therefrom. She asks to be restored to the possession of the property and that she be awarded damages against the defendant in the sum of $400 for the value of the house which defendant tore down and removed from said land, $200 for mental anguish, suffering and humiliation caused her on account of the said violent and unlawful acts of the defendant, and $100 for attorney's fees.
The defendant filed an exception of no right or cause of action and in support of the exception of no right of action filed in evidence over the objection of plaintiff's counsel a certified copy of the deed from Hayden to the plaintiff referred to by the latter in her petition. The exception was sustained and plaintiff's suit dismissed. She has appealed.
The exception is based on the ground that plaintiff has failed to allege or prove that the land of which she claims to have been dispossessed and the house removed therefrom and for which she seeks to recover the value were her separate and paraphernal property and under her separate administration; that the land and the house thereon are presumed to belong to the community existing between her and her husband and that he, as head and master of the community, is the proper person to vindicate the rights of the community and bring suit and have restored the possession of the land and recover for the house removed therefrom by the defendant.
The petition shows that plaintiff is married and the deed introduced in evidence and referred to in her petition as the basis of her ownership also shows that, while the property was purchased in her name, she is declared to be the wife of Cecil A. Cutrer, and there is no declaration in the *West Page 108 
deed that she was purchasing the property with her separate funds.
The plaintiff contends that the question of title is not an issue in the case; that the defendant has no right to raise the question of title or the right of plaintiff to be restored to the possession of property of which she has been wrongfully dispossessed, as this is purely a possessory action and a collateral attack on plaintiff's title is not permissible.
Article 47 of the Code of Practice provides that the persons entitled to bring the possessory action are those who possess as owners, persons entitled to the usufruct or use of the real property, and others having real rights growing from such real estate. While the question of title is not an issue in a possessory action, yet if the plaintiff in such an action bases his right to resort to the action to be restored to the possession of the property which he possessed as owner and refers to a title under which the quality and character of his possession is fixed, the title does then become relevant to show the nature and quality of the possession which was disturbed. If the title on which the possession is based shows that the plaintiff does not possess as owner, or in one of the other qualities necessary to give a right to resort to this form of action, the court will give effect to the title and deny the plaintiff the right to resort to the possessory action. Sallabah et ux. v. Marsh, 34 La.Ann. 1053; Williams et al. v. Harmanson, Agent, et al., 41 La.Ann. 702, 6 So. 604.
Therefore, the plaintiff having alleged that she was in possession of the property as owner under a title, this title becomes relevant for the purpose of showing the quality and character of her possession. If this title shows that she is not entitled to possess as owner, or in any of the other capacities required for bringing a possessory action, her suit must fall. As already stated, the title shows that the property belongs to the community existing between her and her husband, and consequently she is not the owner of it.
Under Article 2404 of the Civil Code, the husband administers the community property and has charge of its affairs. The husband is not only the proper person to sue and stand in judgment when community property is affected or community rights are to be vindicated, but he also has under his control the personal and possessory actions to which his wife is entitled. C.P. art. 107; Mitchell v. Dixie Ice Co., Inc., 157 La. 383, 102 So. 497.
We therefore conclude that, in so far as the plaintiff's action seeks to recover possession of the community property, the twelve acres of land, and to recover the value of the house belonging to the community and alleged to have been unlawfully taken from said land by the defendant, she has failed to show a right of action in herself. Obviously, the defendant has an interest in knowing that, if he is ordered to restore possession of the property and pay damages for the house, that he surrenders the possession and pays the damage to the right person and to one who can stand in judgment and thus protect him against a similar action by the husband.
In so far as plaintiff's claim for damages on account of mental anguish, suffering and humiliation is concerned, this is her own separate damage recoverable by her alone under Act 68 of 1902, amending Article 2402 of the Civil Code. Martin v. Derenbecker, 116 La. 495, 40 So. 849. But she cannot engraft this claim onto a possessory action which should be brought by the husband. We have therefore concluded to enter a nonsuit on this claim.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby amended so as to dismiss the claim of plaintiff for damages on account of mental anguish, suffering and humiliation as in case of nonsuit; that in all other respects, the judgment be and the same is hereby affirmed; appellee to pay the cost of the appeal, and appellant to pay all other cost. *West Page 109