## Jean David Laizer *v.* Louis Florval Generes.

A purchaser evicted from the property, has a right to recover from his vendor the price paid him.

A purchaser, being a possessor *bona fide*, against whom a judgment of eviction has been obtained, is entitled to be reimbursed whatever has been expended by him in useful improvements (C. C. 2485) ; and he has a right to retain the property until repaid. C. C. 3416. But the value of the improvements should be demanded from the party seeking to evict him, and the premises should not be abandoned until it is reimbursed. Where the purchaser leaves the property before being paid, or being sued, he cannot recover the value of the improvements from his vendor.

A purchaser, not aware of the defects in his title, being a possessor in good faith, is bound to account for the fruits of the thing sold, only from the commencement of a suit for the recovery of the property. C. C. 495, 3416.

Appeal from the District Court of the First District, *Buchanan,* J.

This was an action by the purchaser against the vendor of certain lots in the city of Lafayette, to recover from the latter, on the ground of eviction, a part of the price, which had been paid, the value of the improvements put upon the property, &c. There was a judgment in favor of the plaintiff for the part of the price of the property paid by him. As to the rest of the claim, there was a judgment for the defendant. The defendant appealed, and the plaintiff prayed for an amendment of the judgment, so as to allow him the full amount of his claims.

*J. Seghers,* for the plaintiff. The judgment of the lower court is in violation of art. 2485 of the Civil Code, which declares that the vendor shall reimburse, or cause to be reimbursed to the buyer by the person who evicts him, all useful improvements made by him on the premises. See Pothier, Contr. de Vente, No. 163, p. 190. Duranton, Vente, No. 297, p. 315. Troplong, Vente, No. 508, p. 763 ; Nos. 487, 488, p. 739.

*F. B. Conrad,* for the appellant.

Martin, J. The plaintiff, evicted from several lots which he had purchased from the defendant, institutes this suit to recover the amount of a note for $750, by him paid, the value of his improvements, and the costs for advertising a monition.

He had judgment for the first item. There was judgment

against him on the second, the court being of opinion that he had been compensated therefor by the rents which he had received during his possession of the premises. Likewise, on the third, the court observing that the deed from the defendant to him showed that the latter had bound himself to pay the costs of the monition. The defendant appealed.

The claim was resisted on the ground that the amount of the note was compensated by rents received by the plaintiff before the eviction; that the improvements, for which compensation is claimed, were improperly made, after the plaintiff had notice of Connolly's opposition on the monition, under which the sale by the sheriff and the present defendant was set aside.

The plaintiff and appellee prays for the amendment of the judgment in his favor, by allowing him the value of the improvements, and the expense of advertising the monition.

The counsel for the plaintiff and appellee has relied on the Civil Code, art. 2485, which provides that " the seller is bound to reimburse, or cause to be reimbursed to the buyer, all useful improvements;" and has urged, that in a sale the property passes forever to the buyer; and that, on his eviction, his warrantor has no right to compensate the improvements with the rents.

It appears to us that judgment was properly given in favor of the plaintiff for the amount of the note, which was part of the price of the property sold. Judgment was correctly given in favor of the defendant on the rest of the case. He was a *bona fide* possessor, and as such had a claim for the reimbursement of all he expended in useful improvements; and he made the fruits his own until the inception of the suit. Civil Code, art. 495. It is otherwise with regard to the improvements. Until they are reimbursed to him he has a right to retain the property. Civil Code, 3416.

In the present case, however, the plaintiff ought to have demanded the value of his improvements from the party who recovered the premises, and ought not to have abandoned them until he was sued, or was paid for them. He was too hasty in quitting the premises before.

Judgment was also correctly given for the defendant, for the

costs of the advertisements, the plaintiff having engaged to pay the costs of the monition.

The plaintiff may still claim the value of his useful improvements from the party who has recovered the premises, and taken possession of them.

*Judgmemt affirmed.*