CARMENA<br>*v.*<br>BLANEY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SKIPWITH & OSBORNE *v.* JAMES LEA.

16  247<br>51 1707

On the death of a partner his interest in the assets of the firm become vested in his heirs at law, and the surviving partners can only acquire that interest by transfer or assignment from the heirs, and thereby acquire a right to sue for a debt in their own name.

The step-father is not an heir at law to the step-son.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Hays & Adams*, for plaintiffs. *A. Beattie* and *A. Phillips*, for defendant.

LAND, J. This suit is against the defendant as surviving and liquidating partner of the late commercial firm of *Hazard & Lea*, of Osyka, Mississippi. The capacity of the plaintiffs, and the interest which they have in the debt demanded, are disclosed by the averment in their petition that they are the successors to and vested with the interest of *Skipwith, Hazard & Co.*, formerly of this city, in whose favor the debt originally accrued.

The cause of action set forth in the petition, is, that sometime during the spring of 1858, the commercial firm of *Skipwith, Hazard & Co.*, (now represented by the house of *Skipwith & Osborne*) entered into a contract with the firm of *Hazard & Lea*, (now represented by *James Lea*) whereby *Skipwith, Hazard & Co.*, were to advance money to, and accept bills for, and grant other and usual facilities to the said *Hazard & Lea*, and in return whereof the said *Hazard & Lea* were to ship to *Skipwith, Hazard & Co.*, all the cotton they could purchase and control; from which said cotton *Skipwith, Hazard & Co.*, were to receive the usual commission of two and a half per cent., together with the charges, &c., usual in the said trade. That *Skipwith, Hazard & Co.*, complied with the terms of the contract thus entered into, and made frequent advances, and gave acceptances for the said firm of *Hazard & Lea* to the full extent of their wants and requirements, in the expectation of receiving shipments of all the cotton which they could purchase and control; but that the said *Hazard & Lea*, in violation of their contract, and to the great pecuniary damage of *Skipwith, Hazard & Co* , and of themselves the plaintiffs, shipped their cotton to other parties in this city.

The plaintiffs claim the sum of $3,867 for commissions lost on account of the failure of *Hazard & Lea* to comply with the terms of the alleged contract; and also claim the further sum of $132 91, balance of account current for advances, commissions, &c.

There was judgment in favor of the plaintiffs, and the defendant has appealed.

Several novel and interesting questions have been raised and argued by counsel in the case; but if the first objection made to the plaintiffs' right of recovery is well taken, it will be unnecessary to consider and pass upon those questions in the present litigation. This objection is that the plaintiffs were bound, under the defendant's answer, which was a general denial, to prove that they had acquired, by

purchase or otherwise, from the legal representatives of *Hazard*, of the firm of *Skipwith, Hazard & Co.*, by whose death the firm was dissolved, his interest in the partnership assets, or at least his interest in the debt claimed in this suit.

It is not shown that the plaintiffs, as surviving partners, have any right, by virtue of a partnership agreement, to liquidate the partnership affairs; and the only evidence adduced to establish their right to the interest of *Hazard* in the partnership effects, is that the amount of capital furnished by him, as a partner in the concern, was paid by the plaintiffs to one *Hadden*, who was the stepfather of *Hazard*, and who had loaned him the money for the purpose of enabling him to become a partner in the house of *Skipwith & Osborne*, a firm previously established, and then carrying on the commission business in this city. It is, however, shown that the defendant recognized the plaintiffs as the liquidating partners of *Skipwith, Hazard & Co.*, by sending them a draft for a debt due on balance of account by *Hazard & Lea* to that firm.

On the death of *Hazard*, his interest in the assets of the firm of *Skipwith, Hazard & Co.*, descended to, and became vested in his heirs at law, and the plaintiffs, as surviving partners, could only have acquired that interest by transfer or assignment from the heirs, and thereby have acquired a right to sue for the debt in their own name.

And whether they have succeeded to the interest of *Hazard* in the firm, is not a question of capacity to sue, but a question of title or right to the debt; and the general denial pleaded by the defendant imposed upon them the burden of proving the title or right to the debt, as alleged in their petition.

The payment which the plaintiffs made to *Hadden*, was not a payment to the heirs of *Hazard*, for the step-father is not an heir at law to the step-son; and unless *Hadden* had authority (which does not appear) from the heirs of *Hazard* to receive the payment shown by the evidence, the payment itself was invalid, and not binding upon the heirs.

The fact that the defendant sent to the plaintiffs a draft for a debt due by *Hazard & Lea* to *Skipwith, Hazard & Co.*, does not estop him from denying plaintiffs' title to the interest of *Hazard* in the last mentioned firm.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant as in case of nonsuit, with costs in both courts.