Celestine P. Fleytas, wife of Dr. James Dupas v. Pierre Poutz and
E. T. Parker, Sheriff.

To entitle the plaintiff in execution to levy upon the interest of his debtor in the stock seized, it is necessary to show what interest, if any, the latter may have acquired in his wife's store—her separate property.  As there was no community between them, this administration did not vest in him absolutely the fruits and revenues.

APPEAL from the Fourth District Court of New Orleans, Price, J.
C. Morel and G. LeGardeur for plaintiffs.  Janin & Griffon, for defendants and appellees.

Voorhies, J.  The plaintiff claims to be the owner of the property levied upon as belonging to her husband, consisting in stock of an apothecary store.

The question at issue is whether this be the separate property of the husband or of the wife; for the community existing between these parties has been dissolved by judgment of separation.  In the course of these proceedings the apothecary stock was adjudged to the wife, who had purchased it with proceeds of her dotal property.

Under this statement of the facts, about which there is no contestation, the case is clearly with the plaintiff against the seizing creditor; but the matter is attended with difficulty, in as much as subsequently the husband undertook to sell to a third person, with whom he formed a partnership, an undivided half of the store; and, in the course of about two years, the stock was increased by purchases made by the firm.  It does not appear, however, that the increase of stock was paid for out of separate funds of the partners, or out of moneys proceeding from the sales of the store.   Be this as it may, the wife did not sanction the acts of her husband, as appears by the proceedings in her suit to annul the transfer in question.

To entitle the plaintiff in execution to levy upon the interest of his debtor in the stock seized, it is necessary to show what interest, if any, the latter may have acquired in his wife's store—her separate property. As there was no community between them, this administration did not vest in him absolutely the fruits and revenues.   C. C. 2363.

It is but natural to presume, in the absence of proof as to the pay- ments, that the increase in the stock was purchased with the proceeds of the sales, as the husband's absolute insolvency precludes the idea that he might have made the purchases out of other resources.    C. C. 2263.

Judgment affirmed.