## No. 80.

### MILTON WILSON *v.* J. P. BENJAMIN et·als.*

The exception to the jurisdiction of the court of Concordia came too late after issue joined. It should have been made *in limine litis.*

At a public sale made for the purpose of partition, the plaintiff, a possessor in bad faith, became the adjudicatee of two tracts, including the very land which he had possessed during twenty years, and which he had highly improved by clearing and otherwise.

Although the plaintiff has not been actually dispossessed, yet, as a question of law, such has been the effect of the sale and adjudication. In matter of eviction it is a well settled doctrine that actual dispossession is not always required. A purchaser may be evicted, although he continues in possession of the property, if that possession be under a different title, as for instance, if the vendee should subsequently hold under the true owner.

The same principle may be laid down with regard to the possessor in good or bad faith, whose works and constructions have been kept by the owner of the soil. Whether the latter appropriates them to his own individual use,·or alienates them to the person to whom he owes the reimbursement, or to any one else, the case is the same. In the first and third hypothesis he retains or transfers that which is but conditionally his property; and, in the second, he transfers to the owner his own property; in the latter, the obligation to reimburse or refund can not be doubted.

The obligation of the defendants in this case is to pay the value of the materials and the price of the workmanship, without regard to the increase or decrease in the value of the soil. As the buildings were the plaintiff's property, the defendants' claim for their rent is unfounded.

The defendants' other claim for the rent of the land is also unfounded. The case is not one of letting and hiring. The claim is one in the nature of damages for the wrongful detention of property; and, although the trespasser is not allowed to prefer a claim for the enhanced value of the soil, attributable to his improvements, yet in the admeasurement of damages, to which he is subject, the benefit derived from such improvements becomes an important element.

The defendants, Wright, Williams & Co., contend that, previously to the partition sale, they had parted with their interest in these lands. The answer to this is, that the partition suit was carried in their own name and for their individual benefit.

APPEAL from the Ninth Judicial District Court, parish of Concordia. *Haralson,* J. Jury trial. *A. N. Ogden* and *W. B. Spencer,* for plaintiff and appellant. *W. H. Hunt,* for the testamentary executors of James D. Denegre. *H. B. Shaw, York & Sawyer, Benjamin, Bonford & Finney,* for defendants and appellees.

VOORHIES, J. The plaintiff's action arises under the provisions of article 5ʺ0 of the Civil Code. He claims to be reimbursed for the value of " plantations, constructions and works," which he alleges to have made on the defendants' property.

*First*—The exception of Wright, Williams & Co. to the jurisdiction of the court of Concordia came too late after issue joined; it should have been filed *in limine litis.* C. P. 333; Acts 1839 p. 172, § 23.

*Second*—The plaintiff settled upon the land, from which he has been evicted, some time in the year 1835. His object was to acquire a preemption right; but it does not appear from the record that he ever took the necessary steps. For the space of twenty years, running from

*This case was decided in May, 1861, rehearing was granted, and in May, 1870, the final opinion of the court was recorded. Having been lately sent to the Reporter, it appears in this volume.

the date of his possession, he had no just reason to believe himself the master of this property; and he well knew that he had no title. He was, therefore, a possessor in bad faith.  C. C. 495, 3414, 3415.

In the meantime a suit was pending between the United States government and Curry & Garland, who claimed, as transferees of L. Bringier, the Bringier grant, in which was included the tract of land occupied by the plaintiff. Upon the final termination of this suit adversely to the government, the parties in interest proceeded to make a judicial partition of the property in question. At the public sale made for that purpose, the plaintiff became the adjudicatee of two tracts, including the very land which he had possessed during twenty years, and which he had highly improved by clearing and otherwise. Although the plaintiff has not been actually dispossessed, yet, as a question of law, such has been the effect of the sale and adjudication. In matter of eviction it is well settled doctrine that actual dispossession is not always required. A purchaser may be evicted although he continues in possession of the property, if that possession be under a different title; as, for instance, if the vendee should subsequently hold under the true owner. Eviction, as defined by the Code, " is the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person." C. C. 2476; 15 An. 514, suc. of D. W. Coxe. The same principle may be laid down with regard to the possessor in good or bad faith, whose works and constructions have been kept by the owner of the soil. Whether the latter appropriates them to his own individual use, or alienates them to the person to whom he owes the reimbursement, or to any one else, the case is the same. In the first and third hypothesis he retains or transfers that which is but conditionally his property; and, in the second, he transfers to the owner his own property. In the latter, the obligation to reimburse or refund can not be doubted. " He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." C. C. 2279.

The obligation of the defendants is to pay the value of the materials and the price of the workmanship, without regard to the increase or decrease in the value of the soil. C. C. 500; Dearmand v. Pullen, 16 An. (not reported). The value of the buildings, adopting the lowest estimates, amounts to the sum of $3770. As these buildings were the plaintiff's property the defendants' claim for their rent in the sum of $4800, is unfounded.

The defendants set up another claim of $10,560 for the rent of the land; but as there was, previously to the sale in 1855, no privity of contract between them and the plaintiff, the case is not one of letting

and hiring. C. C. 2639. The claim is one in the nature of damages for the wrongful detention of property; and, although the trespasser is not allowed to prefer a claim for the enhanced value of the soil, attributable to his improvements, yet, in the admeasurement of damages to which he is subject, the benefit derived from such improvements becomes an important element. The improvements, such as clearing a portion of the land, the whole of which was at the time a forest, and putting it in a high state of cultivation, were worth, independently of the buildings and constructions, fully the amount at which the detention of the property might be appraised.

*Third*—The defendants, Wright, Williams & Co., contend that, previously to the partition sale, they had parted with their interest in these lands. The answer to this is that the partition suit was carried on in their own name and for their individual benefit.

It is therefore ordered and decreed that the judgment of the district court be avoided and reversed, and that the plaintiff do recover the sum of three thousand seven hundred and seventy dollars from the defendants, in the proportion of their respective shares, as fixed by the partition of the proceeds of the sale of the Bringier lands, made by order of court in the case of W. C. Micou *v.* D. S. Stacy et als. It is further ordered that the plaintiff do recover, on this amount, interest at the rate of five per cent. per annum from judicial demand, and costs in both courts. It is further ordered that the defendants' reconventional demand be rejected, at their costs.

LAND, J., absent, concurring.

## ON REHEARING.

TALIAFERRO, J. After a careful review of this case, we find no reason for altering the decree rendered by our predecessors on the twenty-seventh May, 1861.

It is therefore ordered that the judgment remain unchanged.

Mr. Justice HOWE recused.