McCastle vs. Chaney.

No. 6231.

CULLEN McCASTLE VS. J. J. B. CHANEY ET AL.

The United States parted with their title to the land in controversy when the selection thereof was made by the State of Louisiana in 1856, under the act of Congress of May, 1826, and the title remained in the State until it was vested in the plaintiff. Consequently, no title ever vested in Chaney, the defendant, who was erroneously patented by the United States; but, while he could not prescribe against the State or the United States, he was such a possessor as to be entitled to require the plaintiff either to reimburse the value of the materials and the price of workmanship in making the improvements, or to reimburse a sum equal to the enhanced value of the soil.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing*, J. *J. O. Fuqua* and *W. F. Kernan*, for plaintiff and appellee. *Herron & Bird* and *J. W. Burgess*, for defendants and appellants.

HOWELL, J. This is a petitory action in which plaintiff claims title to a certain tract of land from the State of Louisiana under act of Congress of the twentieth of May, 1826, by virtue of which act the State selected the said land in May, 1856, and issued to him a patent in 1873. He asks that the patent issued by the United States to J. J. B. Chaney in June, 1860, be declared null, as having been issued in error, and that he be put in possession. The defendants in possession claim by donation from J. J. B. Chaney, to whom a patent was issued by the United States; and, in case of eviction, they claim the value of their improvements, and call in their warrantors. Judgment was rendered in favor of plaintiff, decreeing him the owner of the land, annulling defendants' title, allowing plaintiff rent from October, 1873, directing him to be put in possession, reserving to defendants the right to remove their improvements, and giving them judgment against their warrantors. The defendants and warrantors appealed.

It is clearly shown that the land in controversy was among the lands selected by the State in 1856 as school lands, under the provisions of the above-cited act of Congress, and that the patent issued to J. J. B. Chaney by the United States in 1860 for several different tracts, erroneously included this one; and that when the mistake was discovered, the proper officers in New Orleans were instructed to procure the patent from Chaney and have it corrected. The United States parted with their title when the selection was made by the State of Louisiana, in 1856, and the title remained in the State until it was vested in the plaintiff. Consequently, no title vested in Chaney, the patentee; but, we think, while he could not prescribe against the State or United States, he was such a possessor as to require the plaintiff either to reimburse the value of the materials and the price of workmanship in making the improvements, or

to reimburse a sum equal to the enhanced value of the soil, under the last clause of article 508, R. C. C. The record does not enable us to fix either the value of such materials and workmanship, or the enhanced value of the soil resulting from the improvements. The case must be remanded for such purpose. The rent should be allowed only from judicial demand. The warrantors have urged no complaint before us.

It is therefore ordered that the judgment appealed from be amended in favor of Mrs. S. A. Hunt, so as to allow rent only from the fifteenth of June, 1874, and to annul the reservation of the right of said defendant to remove the improvements. It is further ordered that this case be remanded to ascertain the value of the material and workmanship in making the improvements on the land and the enhanced value of the soil resulting therefrom, and that plaintiff be required to make his choice whether he will pay the value of such materials and workmanship, or the enhanced value of the soil. Costs of appeal to be paid by appellee.