No. 13,193.

SUCCESSION OF WILLIAM WHITE, DECEASED.

SYLLABUS.

ON MOTION TO DISMISS APPEAL.

1   A claim for improvements on land, arising after a succession is opened and in consequence of action taken to recover the land as the property of the succession, and as to which reservation of all rights is made in the judg-

ment of revendication, is not to be likened to an ordinary debt against the succession incurred by the deceased during his lifetime.

2    The latter, when denied recognition by the legal representative, must be established by direct action ; the former, as to which a privilege is asserted, may be set up by way of opposition to the tableau of debts which omits it, and the test of jurisdiction on appeal is the amount of the fund sought to be distributed by the tableau.

## ON THE MERITS.

1    A son holding land by donation from his father, but as to which the act of donation is void for want of form, owes no rent for the land to the succession of the father except from the day judicial demand is made for its return.

2    Such a title, not being one within the prohibitions of the law, is merely *voidable,* and until avoided he held under it as owner. While voidable it was such a title as the heirs of the deceased might have confirmed.

3    Having gone upon the land in pursuance of the donation and believing himself the owner, the son erected improvements thereon. He is entitled to compensation therefor.

APEAL from the Third Judicial District Court for the Parish of Claiborne. *Barksdale, J.*

*J. E. Moore* for Administrator, Appellee.

*McClendon & Seals* for J. F. White, *et als.,* Opponents and Appellees.

*John A. Richardson* for T. F. White, Opponent and Appellant.

Argued and submitted May 31, 1899.
Opinion handed down June 22, 1899.

The opinion of the court was delivered by

BLANCHARD, J. The administrator of this succession presented a provisional account and supplemental tableau of debts, for the homologation of which, after legal notices and delays, he prayed, and asked for authority to pay, out of the funds in hand, the balance of privileged debts, shown by his first tableau, remaining unpaid, as well as the privileged debts shown by the supplemental tableau then presented, and to apply the remainder of the funds left over, as well as that which may subsequently come into his hands, to the payment *pro-rata* of certain judgment creditors named and other ordinary creditors appearing upon his tableau of debts.

Several oppositions were filed, but this controversy, so far as it is now before us, is narrowed down to one.

T. F. White opposed the tableau and account as presented, on the ground that an indebtedness he asserted against the succession had been omitted therefrom.

. This claim arose out of the following facts and circumstances: In 1890 William White, father of opponent, deeded to the latter a tract of land, 160 acres. It was intended as a donation, though made in the form of an act of sale under private signature. A nominal consideration was expressed, but nothing was ever paid or intended to be paid. It was proved before the clerk of court by one of the attesting witnesses and recorded. The vendee or donee entered into possession, cleared a portion of the land, erected improvements thereon and lived there.

The father, old man White, died in 1895. He had been twice married and there were two sets of children.

His succession was opened and W. L. White, a son of the second marriage, and brother of opponent, qualified as administrator. The second wife survived as widow. The succession was insolvent. The widow claimed the homestead right. There was dispute between the two sets of heirs. The sons of the first marriage, asserting claims against the succession of their father, sued and recovered judgments. Then, as heirs and creditors, they brought an action some two years after the succession was opened, against T. F. White (opponent herein) to annul the title by which he held the 160 acres donated by the common ancestor. They averred its nullity as being a simulation —not intended as a sale and no price paid; that if intended as a donation, it was null for want of form—not having been executed by public, authentic act before a notary and two witnesses.

Their object was to bring the tract of land back into the succession and make the same amenable to its debts.

For answer to this suit, T. F. White admitted he had paid nothing for the land, conceded there had been no sale, and that the act under which he held could not be sustained as a donation, though intended as such. He denied that there had been any demand made upon him prior to the suit to restore the land to the succession, and announced his willingness to surrender it to the succession. He claimed the value of improvements put upon the land, asking that his rights thereto be reserved in the judgment.

Succession of White.

Thereupon, a decree was entered annulling his title to the land and restoring same to the succession, but reserving his rights as to improvements, and the rights of the succession as to rents.

Following this, the administrator applied for an order to sell this 160 acre tract, thus restored to the succession, and other property, to pay debts, and at or about the same time filed the provisional account and tableau of debts now under consideration.

Finding the land he had surrendered to the succession advertised for sale, together with the improvements thereon, to pay the debts of the succession, and finding that the tableau of debts, presented at the same time the order of sale was applied for, omitted any mention of his claim for the improvements, T. F. White filed an opposition claiming the value of the improvements, which he fixed at $830, and asserting a privilege on the proceeds of the sale of the land and improvements and priority of right to be paid by preference out of same. He prayed judgment against the succession for the amount claimed and for payment by preference.

He was opposed on the ground that he had permitted a previous tableau of debts to be filed in the succession and had not appeared to demand that the same be amended so as to include his claim. Based on this the pleas of estoppel and *res judicata* were urged against him.

These pleas are without merit. He waived no right by not opposing the first tableau, and the judgment homologating same by no means concludes him from, later, but seasonably, asserting his claim against the succession. Besides, these matters of defense are not mentioned in appellees' brief and, presumably, are not insisted on here. It should be mentioned, too, that at the time the first tableau was filed, no question had been raised as to opponent's title to the 160 acres, of which he was then in possession as owner, and, hence, had no occasion to appear and set up any claim for improvements.

The court a qua rejected the demand of opponent and dismissed his opposition, giving as a reason that his claim for improvements had been compensated by what he owed as rent for the use of the land up to the year 1898. For what years he was charged rent, in this adjustment, does not appear, but from statements in the briefs of counsel we are led to believe he was held accountable for rent from the date of his possession of the land (1890), prior to the death of his father.

Opponent's appeal here is met by a motion to dismiss for want of

jurisdiction *ratione materiae*. It is urged that his opposition is a suit upon an unliquidated claim for $830, and must be asserted in a direct action.

We hold differently. Appellant opposes the distribution of a fund exceeding $2000 upon which, or part of which, he claims a privilege, and his right to demand compensation for the improvements upon the land surrendered to the succession was reserved to him by the judgment of the court rendered in a proceeding to which the succession must be held to have been a party, and which judgment awarded the land, upon which the improvements had been erected, to the succession. When the land with its improvements came to be sold at succession sale to pay debts, opponent, under the reservation aforesaid, could present his claim for the value of the improvements by way of opposition to a tableau and account which denied recognition of the same. His claim for the improvements arose after the succession was opened and in consequence of action taken to recover the land as the property of the succession. It is not to be likened to an ordinary debt against a succession, claimed to have been incurred by the deceased, and which, when denied recognition by the legal representative, must be established by direct action.

The motion to dismiss is denied.

### ON THE MERITS.

William White, the father, during his life time delivered possession of the land to his son (opponent). He had a right to do this and the son's possession was not only in good faith, but under a title which he and his father thought sufficient to convey ownership.

The father died and the land so occupied by the son was not only not inventoried as belonging to his succession, but the son's ownership was not disputed nor his possession disturbed until two years after the succession was opened.

Then a suit by creditors, who are likewise heirs, was brought to bring the land back into the succession and make it amenable to the succession's debts.

Certainly, under the circumstances, the son owed no rent for the land up to the time of the death of his father. Nor do we think he should be held for rents except from the day an action was begun for the recovery of the land. McCastle vs. Chaney, 23 La. Ann. 720; Pearce vs. Franklin, 16 La. Ann. 414; 34 La. Ann. 1166.

The title by which he held was not one within the prohibitions of the law. It was simply a title voidable at the instance of parties in interest. Until avoided he held under it as owner; while voidable, it was such a title as the heirs of the deceased might have confirmed and ratified (C. C. 2274), and until they took steps showing they did not intend to acquiesce in it, nor confirm or ratify it, no rents should be demanded of the one who possessed as owner.

The suit to recover the land as the property of the succession was not instituted until November 13, 1897. This was, practically, the end of the year 1897, or so near its end that we do not think any rent for that year on this predial estate should be charged.

The record discloses that opponent has paid rent on the land for 1898—he having continued in the occupancy thereof during that year.

So that, on the whole, no. rent charges are taxable against him.

Having gone upon the land under the circumstances shown and believing himself its owner, opponent cleared part of it and erected improvements. Unquestionably he is entitled to compensation therefor. C. C. 508, 2314; 16 La. Ann. 247; 28 La. Ann. 720; 26 La. Ann. 587; 33 La. Ann. 750; 34 La. Ann. 1163; 16 La. Ann. 414; 28 La. Ann. 31.

The 160 acres which opponent had occupied sold at succession sale, September 26, 1898, for $604. Previous to the sale, and on the day thereof, appraisers were appointed and sworn to appraise the improvements and constructions placed on the tract by him.

They returned as the aggregate value of such improvements at that time $309.50, presenting a list of the items going to make up that sum.

The evidence satisfies us this was a reasonable estimate. If anything, too low.

Substantial justice will, we think, be done by allowing opponent that sum. And he is entitled to be paid it in full out of the fund in the administrator's hand. He might have retained possession of the land until paid the value of his improvements. He, however, surrendered its possession to the administrator under reservation of his rights as to the improvements. This was to the advantage of the succession, for it was thereby enabled the sooner to sell the property, and by this sale it was put into possession of funds with which to discharge opponent's just claim for the improvements.

It is, therefore, ordered, adjudged and decreed that the judgment

appealed from so far as it affects the opponent T. F. White be annulled, avoided and reversed, and it is now ordered and decreed that his opposition to the provisional account and supplemental tableau of debts herein filed be sustained, that his claim for improvements, etc., as set up in his said opposition be allowed for the sum of three hundred and nine and 50-100 dollars, and that the same be paid in full by preference out of funds in his hands for distribution under said account and tableau—costs in this behalf in both courts to be paid by the succession of William White, deceased.