SOMMERVILLE, J. After a full reconsideration of all the evidence and the additional briefs filed by counsel, we are of the opinion that our former judgment and decree are correct.

It is therefore ordered, adjudged, and decreed that our former judgment and decree in this case be reinstated and made the judgment of this court.

MONROE, J., dissents.

───────

(60 South. 679.)

No. 19,093.

DAVIDSON v. McDONALD et al.

(Jan. 6, 1913. Rehearing Denied Feb. 3, 1913.)

(Syllabus by the Court.)

1. EJECTMENT (§§ 3, 115*)—ACTION TO RECOVER REAL PROPERTY — STATUTORY PROCEEDINGS.

An action, in which plaintiff seeks to recover and prays to be decreed the owner of real estate, and which purports to be brought under Act No. 38 of 1908, differs from a petitory action only in the allegation that defendant is not in possession. It does not differ from a petitory action in the matter of the obligation of the plaintiff to establish the title set up by him; and where, in such case, it appears that plaintiff acquired one of the titles relied on from a person who had no title and made no such pretense, whilst defendant has been in possession for several years under a title which is good upon its face, plaintiff cannot recover. Where, however, as to a portion of the land claimed, plaintiff exhibits a valid tax title, he is entitled to judgment thereon.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 4, 373, 407; Dec. Dig. §§ 3, 115.*]

2. EJECTMENT (§ 142*) — IMPROVEMENTS — RIGHT TO COMPENSATION.

A possessor in bad faith is entitled to nothing for improvements which cannot be removed, and is entitled to compensation for those which can be removed only in the event that the owner of the soil elects to keep them.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 472, 476, 477, 483–501; Dec. Dig. § 142.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robt. S. Ellis, Judge.

Suit by Mrs. Josephine H. Davidson against Thomas C. McDonald and others. Judgment for plaintiff, and defendants appeal. Affirmed in part and reversed in part.

R. C. & S. Reid, of Amite, for appellants. W. S. Rownd, of Doyle, and Clay Elliott, of Amite, for appellee.

MONROE, J. This is a suit purporting to be brought under Act 38 of 1908 to establish title to certain lands in Livingston parish; and as plaintiff prays to be decreed the owner, and that the title set up by defendants be held of no effect, it differs from a petitory action only in the fact that plaintiff alleges that neither she nor defendants are in possession. She alleges that she acquired the title upon which she relies by virtue of an "agreement or act of sale" in the words and figures following, to wit:

"I obligate myself to transfer the land herein described to Mrs. Josephine Davidson for the

sum of five hundred dollars in hand paid for the said land.    A. R. Jackson"

—which alleged "agreement or act of sale" appears to have been written over some previous . writing (which is practically erased) upon the back of and below the certificate of registry upon an instrument under private signature, of date May 6, 1878, whereby William P. Raney sold to A. R. Jackson all of his (Raney's) "right, title, and interest to a certain piece or parcel of land lying and being situated in said parish, known as the Kidwell tract, N. E. ¼ sec. 12, W. ½ S. E. ¼ and S. ½ of S. W. ¼ of 1, T. 6, R. 3 east," which instrument appears to have been witnessed by Levi Spiller and P. M. Moon, and, upon affidavit by Spiller before Louis Harris, parish recorder, of date May 7, 1878, to have been recorded on May 18, 1878, in the conveyance office of the parish.    The evidence, we think, sufficiently establishes the genuineness of this document, though it contains other irregularities besides those to which we have referred, and shows that the alleged "agreement or act of sale" from Jackson, which bears no date was probably made or executed by him in 1878, though it was not placed on record until May 21, 1909; and it further shows that plaintiff's husband established one Wascomb upon the land in question, and that the latter remained in actual possession for several years; that since that time, and for a good many years during the period between 1880 and 1910, the land has been assessed to plaintiff, though it is not shown that the taxes were paid by plaintiff; and that it was also assessed to the original patentee, and part of it, at least, sold for the taxes so assessed.    On the other hand, the evidence shows that for several years prior to the institution of this proceeding, and of a proceeding previously instituted, in which plaintiff was nonsuited (Davidson v. McDonald et al., 126 La. 539, 52 South. 758), defendant had been in actual possession of said land, under a claim of title through Claude Lampton from James William Kidwell, the patentee, which possession leaves an ordinary petitory action; the only difference being that in a suit under the act of 1908 plaintiff would have been required to establish title against a defendant out of possession, whereas, as matters stand, the obligation rests upon her to establish title against a defendant in possession.    This obligation, in so far as the title to which we have referred is concerned, has not been discharged.    To the contrary, Raney, from whom Jackson (plaintiff's immediate author) is said to have acquired, having been called as a witness for plaintiff, testified that he purchased, by verbal contract, as we infer, from Bookter, who was occupying the land by verbal permission from Kidwell or from Williams, whom Kidwell had authorized to look after it, such improvements as Bookter assumed to own; and whilst he says at one time that he never lived on the land, and at another time that he went on it with the permission of Kidwell, he does not pretend to say that he ever acquired any title to it, and he does say that in making his bargain with Jackson he told Jackson how he got his "claim on the land"; and it otherwise appears that it was a common thing in that part of the state for persons to enter upon unoccupied land, place some improvements on it, and sell the improvements when they moved off, to the next comer—neither buyer nor seller concerning himself about the rights of the owner of the land.    Defendant exhibits a title by act before Joseph W. Whitehead, a notary public of the parish of Livingston, purporting to have been executed by Claude Lampton, "legal and sole heir of James W. Kidwell," August 20, 1906, and recorded September 4, 1906, for a recited consideration of $600 cash; and he testifies that he paid Lampton the $600.

There is no proof that Lampton was the heir of Kidwell, beyond the testimony of defendant McDonald to the effect that he dealt with him in that character; and plaintiff introduced some witnesses, living in the parish, who testified that they never heard of him, but they all admitted that he might have existed and have executed the act in question; and neither plaintiff nor defendant called the subscribing witnesses or the notary. It is evident, therefore, that plaintiff, claiming under Jackson, who had no title, cannot recover on the strength of the conveyance from him as against defendant in possession under the title which he exhibits, imperfect though it may be.

Plaintiff, however, further alleges as follows:

"That besides and in addition to her title from said Jackson, said property was adjudicated by the state to your petitioner July 20, 1889, by act passed before Geo. Felder, sheriff and ex officio tax collector, recorded September 25, 1889. * * * That said adjudication * * * was based on an adjudication made to the state on April 21, 1884, by F. W. Miscar, sheriff and ex officio tax collector, under an assessment against James Kidwell for the year 1883. That said title from the state to your petitioner correctly describes the land, in so far as concerns that situated in section 12, but the balance of said land is not correctly described in said act. That your petitioner, save in the contingency hereinafter stated, depends on her title from A. R. Jackson, and does not rely on said title from the state. In case, however, the court holds that the title from A. R. Jackson is not valid or translative of property, then, and in that event only, and not otherwise, she pleads and sets up in her favor said title to the state and from the state to your petitioner, and pleads further, subject to the same contingency, in aid of the same, the prescription provided by article 233 of the Constitution of this state, and, in addition thereto, the prescription and presumption provided by Act No. 80 of 1888, Act No. 82 of 1884, Act No. 98 of 1882, and 135 of 1874."

She prays for judgment against McDonald and George Martin (the latter being a vendee from McDonald of 80 acres in section 1), decreeing her to be the owner of the entire tract, as claimed in her petition, under the title from Jackson, and further as follows:

"In the event, however, the court holds that her title from Allen R. Jackson is not translative of property, and in that event only, and not otherwise, that she be decreed to be the true and legal owner of said lands in section 12, under said title from the state, * * * as above set forth, and the title thereto set up by defendants be decreed null."

The tax deeds thus referred to are in evidence, and they show that on April 21, 1884, the N. E. ¼ of section 12, township 6 S., range 3 E., was adjudicated to the state for delinquent taxes of 1883, assessed to James Kidwell, and that on July 20, 1889, said quarter section was sold by the tax collector, under Act No. 80 of 1888, to plaintiff; both of said sales being duly recorded.

[1, 2] The remaining subdivisions, as described in the patent to Kidwell, are not so described in said sales, and as plaintiff disclaims title to them under her tax deed we need say no more about them. Defendants, in their answer, allege that the title from the state, which plaintiff sets up, is an absolute nullity, first, for want of description; and, second, for the reason that the state of Louisiana accepted taxes on said land from your respondent, holding under James Kidwell, the alleged tax debtor, since the said sale, and has thus waived and relinquished all right it may have acquired. The N. E. ¼ of section 12 is, however, correctly described; and there is no evidence in the record tending to show that it was ever assessed to defendants, or that either of them ever paid any taxes on it. Defendant McDonald also alleges (and supports his allegation by evidence) that he bought from the previous occupant some improvements, and himself put other improvements on that part of the land which he retained; but we do not know from the testimony whether the improvements are on the N. E. ¼ of section 12, or on the 80 acres which he retained in section 1. Moreover, as the adjudications to and from the state were

on record and devested the title of Kidwell, under whom he claims, we do not think he can be regarded as a possessor in good faith; and as a possessor in bad faith he is entitled to nothing for improvements which cannot be removed, such as wells and ditches and clearing land, and is entitled to compensation for improvements which may be removed, such as houses, fencing, etc., only in the event that the owner elects to keep them; but, as the record does not furnish the information needed in passing upon the questions thus arising, the case will be remanded for further inquiry and action on that point.

It is therefore ordered, adjudged, and decreed that, in so far as it decrees plaintiff to be the owner of the W. ½ of the S. E. ¼ and the S. ½ of the S. W. ¼ of section 1, township 6 S., range 3 E., in the parish of Livingston, and in so far as it rejects absolutely the claim of the defendant McDonald for improvements on the other tracts in dispute, the judgment appealed from be annulled and set aside, and that there now be judgment in favor of defendants, rejecting plaintiff's claim to said lands and directing that the title which she sets up thereto be canceled from the books of the conveyance office. It is further adjudged that, in so far as the judgment appealed from decrees plaintiff to be the owner of the N. E. ¼ of section 12 in the said township 6 S., range 3 E., and orders the cancellation of the adverse title thereto set up by defendant, said judgment be affirmed. It is further decreed that the case be remanded for further inquiry into and adjudication upon the question of the claim of the said defendant McDonald for improvements on said last-mentioned quarter section, alleged to have been paid for by him, said McDonald to remain in possession pending such inquiry and adjudication. It is further decreed that the costs of this appeal be paid by the plaintiff.