No. 3490

**Second Circuit**

McDONALD v. CITY OF SHREVEPORT

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

Clifton F. Davis, of Shreveport, attorney for plaintiff, appellant.

A. M. Pyburn, of Shreveport, attorney for defendant, appellee.

McGREGOR, J. This is a suit brought by the plaintiff, Mrs. Julia McDonald, a widow, against the city of Shreveport for the sum of $1,820, which she alleges is the value of certain improvements which she placed on the N. W. ¼ of section 32, township 18 north, range 14 west, while she was in possession of the same as owner in good faith under a patent issued to her by the United States in accordance with its homestead laws. She itemizes the said improvements as follows:

| | |
|---|---|
| 70 acres at $20.00 per acre | $1,400.00 |
| 20 spools of barb wire at $4.50 | 90.00 |
| Getting out 300 posts with posts for gates and building fences | 80.00 |
| Living house 14 by 20 with inclosed lower floor | 100.00 |
| Stable and chicken house 10 by 16 | 100.00 |
| Toilet, crib, and well | 50.00 |
| Total | $1,820.00 |

It is an admitted fact that plaintiff was at one time in possession of the property described above and that she held it under a patent duly issued by the United States according to law. But the validity of this patent was questioned by the state of Louisiana and the city of Shreveport, and it is admitted in the pleadings that in a petitory action brought against her by the state of Louisiana and the city of Shreveport her title was invalidated and the state and city were recognized as the true and lawful owners of the mineral and surface rights respectively. The city of Shreveport has taken possession of the property under this judgment, and it is now covered with water and is a part of the reservoir from which water is provided for the city of Shreveport. Plaintiff in this suit seeks judgment against the city of Shreveport for the value of the improvements placed by her on the land before the filing of the petitory action, which improvements include the cost of clearing seventy acres of land, as itemized above.

In its answer the city denies that there were any improvements of any value, but at the same time it has filed and relies upon a plea of res judicata. The lower court overruled the plea and gave judgment in favor of the plaintiff for $100. Both sides have appealed.

## ON THE PLEA OF RES JUDICATA

In suit No. 36,064 in the First district court of Caddo parish, wherein the city of Shreveport was plaintiff and Mrs. Julia McDonald was defendant, the city was successful in having its title to the land described above recognized. Mrs. McDonald simply defended and sought to establish her title to the land under her United States patent. She made no claim in reconvention for her improvements, nor did she reserve her right to do so in a separate suit in case she should fail to establish her title. It is the contention of the defendant that the matter of the value of and compensation for these improvements should have been raised and settled in

that suit and that, since the question was not raised, the judgment of the court recognizing the city's title to the land carried with it the improvements, and is therefore res judicata as to the demands made in this suit. In support of its contention, the defendant cites a number of authorities.

Succession of Whitner, 165 La. 769, 116 So. 180. In that case Josephine Giles had formerly claimed in another suit certain property by virtue of an act of sale from her mother, Margaret Whitner. In addition to the said act of sale she claimed the property by virtue of her mother's will, wherein she was named universal legatee and appointed executrix without bond and with seizin of the property. No mention of this will or any rights thereunder was made during the trial of the case, even though it was in the possession of the beneficiary. Judgment was rendered in favor of the co-heirs, brothers, and nephew of Josephine Giles, setting aside the sale as a donation inter vivos, and decreeing each heir to be the owner of his rightful portion of the property. The case was appealed to and confirmed by the Supreme Court. See Giles v. Kelly, 162 La. 512, 110 So. 738. Subsequently, in another suit, the case cited, Josephine Giles sought to have her title to the same property established under the will. The same parties and the same property were involved. Josephine Giles was in possession of the will at the time of the former trial but made no claims under or in reference to it during that trial. Therefore, the Supreme Court properly sustained a plea of res judicata. In the course of its opinion in this case the court said as follows and as quoted by defendant's counsel:

"A final judgment of a court having jurisdiction over the parties and the subject-matter puts an end to every plea or defense made, and to every plea or defense which either of the parties might successfully have made."

A claim for the value of improvements in the case at bar was not a plea of defense which should or could have been made on the merits of the title involved.

Counsel for defendant cites the syllabus of Shaffer v. Scuddy, 14 La. Ann. 575, in support of his contention. In the body of that decision the court said:

"When an issue is made between the parties to a suit, each is presumed to adduce all the evidence in his power to enable the issue to be determined correctly.

"If one of the parties neglects or does not wish to introduce a part of his evidence when it is known to him, the issue cannot, after a final decision, be again opened to enable him to do so. If this were possible, litigation would be uselessly continued. If a party has four titles, he could institute in succession four different suits, instead of having the issue of ownership terminated in one suit."

The case at bar is not a petitory action in any sense of the term. Counsel confuses the issue in this case. If the plaintiff, Julia McDonald, were bringing a new suit and raising new issues to establish her title to the land described in her petition, the plea would be good and the citations referred to by counsel would be applicable. But in bringing this suit she recognizes the judgment of the court wherein the city of Shreveport, defendant in the present suit, was declared to be the owner of the property. She brings this suit for the value of the improvements placed by her on the land in good faith. But the defendant claims that the judgment of the court decreeing the city to be the owner of the land carries with it the improvements, if they were not sued for in reconvention by

the defendant in the former petitory action. This contention places a wrong interpretation on the authorities cited. A reading of those cases discloses that all the defenses referred to are such as would affect the title to the real estate involved. It is fundamental that when the defendant in a petitory action loses he has a right to be reimbursed for his improvements (C. C. art. 508, 4th par.). Sometimes in the very nature of things demand is made by way of reconvention in the same suit, and sometimes by a new and separate action. In the case of Giles v. Kelly, 162 La. 512, 110 So. 738, 740, the court said:

"In the judgment appealed from, the district court reserved to the plaintiff the right to establish her claim against the succession 'by a new and separate action.' At the same time, the court ordered an inventory made 'for the purpose of effecting a partition of the estate.' We do not interpret the judgment to mean that the plaintiff can proceed only by an ordinary action against her co-heirs, and that during the delays incident to such proceeding, the property may be sold and the proceeds distributed among the co-heirs, who may or may not have other property subject to execution. *Such a reservation would be of little or no benefit to the plaintiff; in fact it would go without saying.*" (Italics ours.)

Defendant cites Pearce v. Frantum, 16 La. 414, and Town of Thibodaux v. Stark, 142 La. 382, 76 So. 806. We see nothing in those cases to support the plea.

The case of Laizer v. Generes, 10 Rob. 178, is directly opposed to the theory that the defendant in a petitory action is bound to sue for his improvements by reconvention in the suit in which the title is successfully attacked. In that suit Laizer had been evicted from property which he had purchased from Generes. He brought suit against Generes for the return of the pur-

chase price and the value of his improvements. He recovered judgment for the purchase price, but the court held that demand for the improvements should be made on the party who recovered the property. In the course of the opinion the court held in effect that, while the better practice is to claim the value of improvements by reconvention in the petitory action, yet this can be done in a subsequent direct action. The language of the court on this point is:

"In the present case, however, the plaintiff ought to have demanded the value of his improvements from the party who recovered the premises, and ought not to have abandoned them until he was sued, or was paid for them. He was too hasty in quitting the premises before.

"Judgment was also correctly given for the defendant, for the cost of the advertisements, the plaintiff having engaged to pay the costs of the monition.

"*The plaintiff may still claim the value of his useful improvements from the party who has recovered the premises, and taken possession of them.*" (Italics ours.)

To sustain the position of the defendant in this case would be tantamount to holding that, while a defendant in a petitory action may make his demand for the value of his improvements by way of reconvention in the same suit, a plea of res judicata will be sustained against him if he does not do so. We do not feel justified in so holding, and the lower court was correct in overruling the plea.

----

## ON THE MERITS

The law governing this case is the fourth paragraph of article 508 of the Revised Civil Code, which reads as follows:

"Nevertheless, if the plantations, edifices or works have been made by a third person

evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil."

Under the law a successful plaintiff in a petitory action is bound to reimburse the possessor in good faith either the cost of materials and the labor used in the improvements, or a sum equal to the enhanced value of the soil. If the enhanced value of the soil is not shown, then the only standard left on which judgment can be based is the cost of the labor and the material used. McCastle v. Chaney, 28 La. Ann. 720; Durbridge v. Crowley, 44 La. Ann. 74, 10 So. 402; Davidson v. McDonald, 131 La. 1047, 60 So. 679; Grouchy v. Williams, 161 La. 909, 109 So. 545; Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742.

In this case the defendant has successfully shown that the improvements, consisting of fences and houses, had served their purpose and were valueless at the time of the trial. Under that state of facts no recovery can be had for them. But the same thing cannot be said of the expense incurred in the clearing of the land. No testimony was offered on the trial of the case as to the enhanced value of the land because of the clearing done by the plaintiff; therefore the only basis on which an estimate of the amount that the plaintiff should receive can be made is the amount spent by the plaintiff for this work. The plaintiff and two witnesses, who claim to have personal knowledge of the acres cleared, swear that it was at least seventy acres, and that no less than $20 per acre was the cost of same. On the other hand, the defendant produced two witnesses who swore that the extent of the clearing was from two to ten acres. A map of the property made by the city's engineer shows that approximately the acreage claimed by the plaintiff was in a cleared condition. The judge of the lower court considered that there was some merit in the plaintiff's contention, and gave her judgment for $100. We do not know how he arrived at this amount, but it appears to us that it is not sufficient to do substantial justice.

The plaintiff was in absolute good faith. She was dealing in the first place with the government of the United States, the highest power in authority. She had a right to believe that her title was absolutely good. Believing that it was good and having faith and confidence in her country's government, she invested her hard-earned money, that was left to her by her deceased husband, in the improvements placed on this land which she believed would be her permanent home for her remaining days. Feeling thus secure in her possession, one can well imagine her chagrin and disappointment when her title to her home was successfully attacked by the two next highest powers of government under which she was living, namely, the state of Louisiana and the city of Shreveport. Under these circumstances she felt that she was due some consideration in the matter. She made a personal appeal to the mayor of the city, who told her bluntly that she had no rights in the matter, and ordered her to vacate the premises. The city has no moral or legal right to enrich itself at the expense of the plaintiff. She undoubtedly spent considerable sums of money clearing this land, and the city, under the testi-

mony, is bound to have profited by it. Its own map shows the land to be cleared, not simply free of timber, and the officer of the city under whose supervision the clearing of the land used as a reservoir for the city's water supply was made, offered no testimony to the effect that this clearing was not done by the plaintiff. The plaintiff is very earnest in her contention that she spent as much as $1,400 in cash on the clearing of seventy acres of the land. In this she is corroborated by J. M. Downey and Joseph Taylor. whose testimony is unimpeached. Opposed to this direct testimony there are two witnesses for the defendant, one who estimates the amount of cleared land at from two to three acres and the other at less than ten acres. In view of this wide divergence between the estimates of the plaintiff and defendant's witnesses placed on the amount of acreage cleared, it is difficult to determine the truth of the matter. But, taking the evidence as a whole and considering that defendant has not undertaken to show that the land cleared by the plaintiff had to be cleared by the city, and in view of the fact that the map submitted by the city itself shows a large area to have been cleared land instead of land simply free of timber, we are convinced of the fact that there was a relatively large tract of land cleared by the plaintiff, and we think that $500 is the least amount that she should be paid for the same.

For these reasons it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby amended so as to award the plaintiff $500 instead of $100 for her improvements; the city of Shreveport to pay the costs of both courts.