FRANCOIS DUBOIS *v.* LOUIS FERRAND.

The declarations of the wife are not admissible in evidence against the husband.

In an attempt to make the admission of the wife evidence for the husband, on the ground that she acted as his agent, it is essential to show not only the agency, but that the admission itself appeared closely and intimately connected with the subject matter of the agency. The mere fact of a note having been executed in favor of the wife, does not, *per se*, create the presumption that she acted as the agent of her husband. If she acted as his agent in making a settlement for him, in which the note in question was given, that fact should have been shown.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Dufour* and *A. Robert*, for plaintiff. *Preaux* and *Lambert*, for defendant and appellant.

BUCHANAN, J. The plaintiff alleges that the defendant is indebted to him on three promissory notes, in the sum of $398.

The defendant avers that the plaintiff is indebted to him in the sum of $81; that the plaintiff had declared, in presence of witnesses, that the defendant, after a settlement, owed him nothing, but, on the contrary, he was indebted to the defendant for sundry small amounts furnished him for the purpose of defraying his daily expenses; that the note of $233 in suit, executed in favor of the plaintiff's wife, was given by him in renewal of three promissory notes, two of which constitute a part of the plaintiff's demand, and the last, for $68, is, as he verily believes, still in the plaintiff's possession; and, lastly, that the plaintiff is indebted to him in the sum of $314, on fourteen due bills, or bonds, annexed to his answer, which he pleads in compensation. Whereupon, he prays that the plaintiff " be condemned to pay him $81, after deducting the amount of said note of $233."

The District Court allowed the sum of $304, as the correct amount of the due bills claimed by the defendant, in compensation, and gave judgment in favor of plaintiff for the sum of $94, as the balance due him on the notes sued upon. From this judgment the defendant appealed.

On the trial, several witnesses were examined and testified as to the declarations of the plaintiff in relation to the alleged settlement between the parties, posterior to the dates of the notes sued upon. There is no allegation nor proof of the nature of the claims or matters involved in that settlement, and no evidence introduced to show the alleged renewal of the notes.

The District Judge was of opinion, and we concur with him, that the defendant proved the sum of $304, which was the only amount claimed by him as a credit; that the averment in relation to the plaintiff's admissions was obviously intended to aid the subsequent averment, that the note for $233 was given in renewal; and that no proof whatever existed of the alleged fraud, unless it could be inferred from the plaintiff's admissions, which were insufficient.

Our attention has been directed to several bills of exceptions in the record. We concur with the District Judge, that the declarations of the wife are not admissible in evidence against the husband. But, it is contended, that this case forms an exception to the rule, the wife having acted as the agent of her husband. To lay a proper foundation for such evidence, it is essential not only that the agency should be shown, but that the admission itself appeared closely and intimately connected with the subject matter of the agency. The mere fact of a note having been executed in favor of the wife, does not, *per se*, create the presumption that she acted as the agent of her husband. If she acted as his agent in making a settlement for him, in which the note in question was given, that fact should have been shown.

In relation to the other bills of exception, we think that the testimony was properly ruled out, on the ground of its irrelevancy. The facts sought to be proved had clearly no connection with the allegations or the pleadings.

The conclusion to which we have come on the merits, renders it unnecessary for us to consider the motion to dismiss the appeal.

It is, therefore, ordered, adjudged and decreed that the judgment be affirmed, with costs.