No. 3250

Second Circuit

GENERAL MOTORS ACCEPT. CORP. v. HAND
(JAMES A. DENNY, Intervener)

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

Crow & Coleman, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for intervener, appellant.

DREW, J. Plaintiff filed foreclosure proceedings against defendant on a promissory note of $531, secured by a chattel mortgage on a Pontiac sedan automobile, 1927 model, bearing motor number 79505, and secured an order for a writ of sequestration for the seizure of said automobile, and prayed that its chattel mortgage, vendor's lien and privilege be recognized and ordered enforced on the said automobile to the extent of the aforesaid note, interest and attorney's fees. Under this writ of sequestration, the automobile was seized on September 10, 1927, and on September

21, 1927, James A. Denny filed his intervention herein, claiming that the defendant was indebted to him for rent, and that the automobile was placed on the leased premises prior to the recordation of plaintiff's chattel mortgage, and that intervener had not lost his lessor's lien and privilege upon the car; and prayed that he, as lessor, be paid out of the proceeds of the sale of said car in preference and priority to the plaintiff.

Plaintiff filed an exception of no cause of action based on the proposition that the intervener had not prayed for a writ of provisional seizure, nor had he secured an order of court commanding and ordering the sheriff to retain in his hands and under his control the proceeds to be realized from the sale of the car. He also filed a plea of vagueness. The exception of no cause of action was overruled and the plea of vagueness sustained in part, and intervener ordered to amend his petition.

In response to said order, an amended petition was filed by intervener. The trial judge rejected the demands of intervener and gave judgment for plaintiff, as prayed for. From this judgment the intervener has appealed.

The plaintiff has neither appealed nor answered the appeal in this court. Therefore, his exception of no cause of action is not before this court for review.

The record in the case shows that the automobile was sold on February 22, 1927, and that plaintiff's chattel mortgage was recorded on February 24, 1927. That the car was seized under plaintiff's writ of sequestration on September 10, 1927, while the car was stored with Currie-Langford, Inc., automobile dealers in Shreveport, and after the car had been removed from the leased premises, James A. Denny filed his intervention on September 21, 1927. The testimony also shows that the defendant's indebtedness to plaintiff was $531, with interest and attorney's fees, and that he was delinquent in his payments at the time of the seizure.

The automobile was in the possession of the lessee and on the lessor's premises before the filing for recordation of the chattel mortgage of plaintiff; therefore, it is clear that the lessor's lien and privilege attached to said automobile on the day it was placed on the lessor's premises, on February 23, 1927, and that at that time the lessor's lien and privilege outranked plaintiff's lien and privilege as vendor and holder of the chattel mortgage. The car was taken to Texas, and off lessor's premises in the early part of August or last of July, 1927, and remained off lessor's premises for about five weeks, or more than fifteen days. It was returned to lessor's premises on September 3d, and remained there until September 6, 1927, at which time it was stored by lessee with Currie-Langford, Inc. On September 21st, intervener filed his intervention, claiming the proceeds from the sale under said seizure.

It can be seen, therefore, that the intervention was filed on the 15th day after the car was removed from the leased premises and within the period fixed by article 2709 of the Civil Code. The case therefore evolves itself into one question—did the fact of the automobile being taken off the premises of lessor and remaining off for more than fifteen days during the month of August, 1927, cause intervener to lose his lien and privilege on the car, and when the car was again placed on the premises by lessee on September 3d, did the lessor's lien and privilege again attach so as to prime the vendor's lien and chattel mortgage of plaintiff?

The privilege and right of pledge given to the lessor by the articles of the Code must be strictly construed, and under the plain letter of article· 2709 of the Civil Code, the right of pledge exists as long as the property remains on the leased premises and it may continue for fifteen days after removal; but if it has been removed and the fifteen days have elapsed, the right of the lessor is gone and he has no higher or different claim upon the property than any other ordinary creditor.

Conrad v. Patzelt, 29 La. Ann. 465; Langsdorf v. Legardeur, 27 La. Ann. 363; Farnet et al. v. Creditors, 8 La. Ann. 373.

It therefore follows that after ·the car had been removed from the leased premises in the early part of August and remained off the leased premises for more than fifteen days, the lessor's privilege was lost. When the car was returned to the premises on September 3d, the lessor's privilege and pledge again attached, but not so as to renew the privilege that had been lost, but attached as of date September 3, 1927. Therefore, the lien and privilege now held by intervener is one arising subsequent to the chattel mortgage and vendor's privilege of the plaintiff. Plaintiff's chattel mortgage and vendor's privilege was in effect the latter part of August, 1927, by duly recorded act of chattel mortgage, at a time when intervener had lost his lessor's privilege and events happening subsequent thereto could not displace plaintiff as ranking lienholder.

The judgment of the lower court was in favor of plaintiff and rejected the demands of intervener claiming the proceeds of the sale of the car in preference and priority to plaintiff. The judgment of the lower court is correct, and it is therefore ordered, adjudged and decreed that it be affirmed, with all costs.